[No. 4995.]

## CHARLES McKIERNAN v. JOSEPH HESSE, A. T. WARREN, CHARLES HELLBECK AND C. F. MOHRIG.

PERSONAL PROPERTY AFFIXED TO LAND.—An engine resting upon and fastened by bolts and nuts to timbers which are imbedded in the soil is a part of the realty.

IDEM.—A steam boiler secured by trestle-work imbedded in the soil and resting on and surrounded by mason-work of stone and mortar built on the ground, is a part of the realty.

PERSONAL PROPERTY AFFIXED TO PUBLIC LAND.—One who purchases land from the United States becomes the owner of personal property affixed to the land by a third person while the land was a part of the public domain.

APPEAL from the District Court, Twentieth Judicial District, County of Santa Cruz.

In March, 1869, one Kite was in possession of the northwest quarter of section 4, township 10 south, range 2 west, Mount Diablo meridian. The land was a part of the public domain, valuable principally for the redwood timber growing upon it. Kite leased the land for ten years to Jones, and covenanted that Jones might erect a saw-mill on it. Jones purchased, in San Francisco, an engine, boilers, and machinery, necessary to construct a mill, and sold out to one Brown, who completed the mill. The sills or bottom timbers of the mill were imbedded in the soil. The engine and boilers were without the framework of the mill. There were two boilers, each sixteen feet long, which were placed in position and then secured by trestle-work, and under and around each boiler was mason-work of stone and mortar resting on the earth. The engine rested on a long timber to which it was attached by bolts, and this timber was notched into the upper surface of sills which were imbedded in the ground. The shafting and attachments of this machinery were fastened by bolts of iron to the framework of the mill. The mill was used by Brown until the fall of 1872, when he suspended operations, and removed from the mill the saws, belting, tools, and articles of that description, and stored them in a small building about two hundred and fifty feet from the mill, and requested defendant Warren, who had been working in the mill, to see that they were not disturbed. Kite had removed from the premises and took no further steps with regard to the land. Warren continued to reside on the land, and pre-empted and paid for it, and received a patent from the United States, in April, 1875. After Warren had paid for the land and received a certificate of purchase, and in December, 1874, he sold and conveyed the land to defendant Mohrig. On the 6th of March, 1875, Brown sold the engine and boilers and machinery to the plaintiff, McKiernan. In April, 1875, Mohrig detached and removed from the mill the engine, boiler, and the machinery in the building near by.

McKiernan demanded the property, and on his refusal to deliver it, replevied the same, and took it into his possession by virtue of the writ. The defendants answered, setting up that Mohrig owned the property, and that the defendants other than Mohrig were merely assisting him, and asked judgment for a return of the property or its value. The court gave judgment for the plaintiff and the defendant appealed.

O. P. Evans, for the Appellants.

The saw-mill and machinery being so annexed as to become part of the realty, passed to Warren by the grant of the land, and from Warren to Mohrig by the conveyance to the latter. (Collins v. Bartlett, 44 Cal. 383–4; Pennybecker v. McDougall, 48 Cal. 160.)

C. B. Younger, for the Respondent.

The machinery in suit, being originally personalty, did not lose its identity by being placed upon and used on the land for the purpose of trade and the manufacture of lumber, but still remained personalty and removable by plaintiff. (Russell v. Richards, 1 Fairfield, 433; Wagner v. Cleveland and Toledo Railroad Company, 22 Ohio State Rep. 563.)

By the COURT:

Section 660 of the Civil Code defines what structure shall be deemed to be affixed to the freehold, and the findings show that under that section the engine and boilers were annexed to the land in the sense of that section. Being so annexed, they passed to Warren, the grantee of the United States, when he acquired the title. (Collins v. Bartlett, 44 Cal. 371; Pennybecker v. McDougall, 48 Cal. 160.) The defendant, holding under Warren, succeeded to his rights, and is, therefore, entitled to the engine and boilers. But the machinery which had been detached, and which together with the tools, had been stored in the cook-house, before Warren's right accrued, were personal property, to which he acquired no title under the grant from the United States. Under the findings, the plaintiff was entitled to judgment

for the personal property stored in the cook-house, and the defendant should have had judgment for the remainder.

Judgment reversed and cause remanded with an order to the court below to modify its judgment in accordance with this opinion.

Remittitur forthwith.