## HELSTROM v. RODES.*

No. 1682.  Decided January 13, 1906 (83 Pac. 730).

1. TRUSTS—MINING CLAIMS—LOCATION.—Plaintiff's husband and another located a mining claim, a portion of which they sold to J., who conveyed to defendant. The assessment work not having been performed, plaintiff relocated the claim, and obtained a patent from the United States therefor. *Held* that, in the absence of any evidence that plaintiff relocated the claim for the benefit of any one but herself, a finding that she held a portion of the claim in trust for defendant was erroneous.

2. PUBLIC LANDS — OCCUPANCY — IMPROVEMENT.—Mere occupancy of public land, with the construction of improvements thereon, vests no right in the occupier as against the United States or a patentee from it.

3. SAME—OCCUPYING CLAIMANTS—COMPENSATION FOR IMPROVEMENTS. One who makes improvements on public land knowing that it is open to exploration and sale for its minerals, and who takes no steps to secure title or right to possession under the laws or the local rules and customs of miners, has no valid claim of possession or of compensation for improvements as an adverse holder in good faith, as against a patentee from the United States.

APPEAL from District Court, Third District; M. L. Ritchie, Judge.

Action by Mary Helstrom against Isaac Rodes. From a decree in favor of defendant, plaintiff appeals.

REVERSED.

*J. Ingebretzen* and *J. D. Pardee* for appellant.

*McGurrin & Gustin* for respondent.

### APPELLANT'S POINTS.

Plaintiff claimed that having obtained a patent for the Julia Lode free and untrammeled, that she was entitled to the

---

* Right of one who buys, or makes lawful entry on, public land, to crops and improvements placed thereon by another, see note, 70 L. R. A. 799.

possession of the whole claim, together with what improvements there was on it when she bought it from the United States Government, which would include everything claimed by Rhodes. (Snyder on Mines, sec. 552; *Collins v. Bartlett,* 44 Cal. 371; *Pennepacker v. McDougall,* 48 Cal. 163; *McTiernan v. Hesse,* 51 Cal. 594; *Treadway v. Sharon,* 7 Nev. 37; *Duffeback v. Hawkes,* 115 U. S. 392; *Sparks v. Pierce,* 115 U. S. 408; Lindley on Mines, sec. 409.)

### RESPONDENT'S POINTS.

Where property is acquired by fraud or under such circumstances as to render it inequitable for the holder of the legal title to retain it, a court of equity will convert him into a trustee of the true owner. (*Hardy v. Harbin,* Fed. Cas. 6060, 4 Sawy. 536, aff. in 154 U. S. 598; *Thompson v. Ferry* [Ariz.], 36 Pac. 741; *Turner v. Sawyer,* 150 U. S. 578; *Hunt v. Patchin,* 35 Fed. Rep. 816; *Min. Co. v. Tinney* [Nev.], 35 Pac. 89; *Seymour v. Fisher* [Col.], 27 Pac. 240; *Hdw. Co. v. Schwab* [Mont.], 34 Pac. 24; *Alexander v. Sherman* [Ariz.], 16 Pac. 45; *McCarthy v. Speed,* 77 N. W. 590.)

### STRAUP, J.

This is an action in ejectment. The findings show: That in 1896 Helstrom, then the husband of plaintiff, and Jensen, being the locators, and as such the owners, of a mining claim called the "Lily Lode," sold a portion of it to Johnson, who thereafter erected a dwelling house thereon, and was in possession thereof until 1903, when he sold and conveyed it to the defendant. The annual assessment work for 1898 not having been done on the claim, in January, 1899, the plaintiff, at the request and for the benefit of her husband and his successors in interest, relocated the claim as the Julia lode. That the plaintiff resided on said claim since 1896, and was a co-tenant with the defendant and his predecessors. In July, 1902, plaintiff obtained a patent from the United States to

the Julia lode, which embraces the premises claimed and occupied by the defendant. The court decreed that she held such portion of the claim in trust for the defendant, and directed that she execute a deed of conveyance conveying it to him. She appeals, attacking the findings and claiming that they have no support from the evidence.

The contention is well founded. There is a total want of evidence to support the findings that plaintiff located the Julia claim at the request of her husband or of any one, or that she made the location for his benefit or for the benefit of his successors in interest, or for the benefit of any one other than herself, or that she is, or ever was, a cotenant with the defendant or his predecessors in interest. To the contrary, the evidence shows that the plaintiff located the Julia claim alone for herself, and not for the benefit of any one else. Nor does the court find, when plaintiff applied for patent, that there was any agreement between her and the defendant, or his grantor, to convey any part of said claim to them or either of them. Hence the cases cited by the defendant, to the effect that where one cotenant of a mining claim, who, on the annual assessment thereon not being done, relocates it, or where a patent to a mining claim was issued to one who, by previous agreement with the original locators or their assigns, was to convey a portion of it or an interest therein to them, or where a party wrongfully obtains the legal title to land which rightfully belongs to another, and holds it in trust for such other, have here no application. The case falls within the rule that an occupant of the public land, without title, and without any attempt being made to secure title, cannot resist the enforcement of the patent of the United States on the ground of such occupancy. Mere occupancy of the public land and improvements thereon are no vested right therein as against the United States, and consequently not against any purchaser from it. A person who makes improvements upon public land, knowing that it is open to exploration and sale for its minerals, and makes no effort to secure the title to it as such land under the laws of Congress, or the right of possession under the local rules and customs of miners, has no valid

claim of possession or of compensation for his improvements
as an adverse holder in good faith, when such sale is made to
another, and the title is passed to him by a patent of the
United States. (*Sparks v. Pierce,* 115 U. S. 408, 6 Sup. Ct.
102, 29 L. Ed. 428; *Deffeback v. Hawke,* 115 U. S. 392, 6
Sup. Ct. 95, 29 L. Ed. 423; *Collins v. Bartlett,* 44 Cal. 371;
*McKiernan v. Hesse,* 51 Cal. 594; *Treadway v. Sharon,* 7
Nev. 37; 1 Snyder on Mines, section 582.)

It is not alleged in the answer, nor found by the court, that
in locating the claim or obtaining the patent plaintiff, or the
owners of the Lily lode, were guilty of any fraud or wrong, or
that any act or thing was done by them to defeat any right of
the defendant or his grantor; nor does the evidence show any
such facts. Nor was the defendant without knowledge of the
defect of his grantor's title. His grantor, a witness in his be-
half, testified, and it is not denied by the defendant: "When
I got ready to sell it, I asked Mrs. Helstrom if she wouldn't
sign a quitclaim deed for it. She never did sign a deed for
it. When I sold to Rodes, I talked with him about the title
to the ground, and told him that I didn't have a patent for
the ground. I told him that the title to the ground was in
Mrs. Helstrom. We talked about it in the presence of Mr.
Quinn, and Mr. Quinn told him that he should get Mrs. Hel-
strom to sign a quitclaim deed, but she never signed it. Then
I afterwards went with Mr. Rodes to Mr. Lee, Justice Lee,
and I heard Lee tell Rodes that he didn't need to have Mrs.
Helstrom sign a quitclaim deed." Notwithstanding the no-
tice given him by his grantor, and notwithstanding he knew
plaintiff had located the property and had obtained a patent
for it, the defendant had no transaction or conversation with
her, made no effort to obtain her grant or release, but con-
tented himself with the conveyance made by his grantor, who
had neither record nor actual title. True, his grantor had
title from the locators of the Lily lode, but, in order that it
may be of worth, it was necessary to show that the Julia lode
was located by the plaintiff for the benefit of the locators of
the Lily lode, or for the benefit of their assigns, or that,
through fraud, the Lily lode was abandoned and the Julia

lode located to defeat the conveyance made to the defendant's grantor, or some facts showing that the plaintiff held the disputed ground in trust for the defendant, and in equity and good conscience ought to convey it to him. This the evidence fails to show.

The judgment of the court below is set aside, and a new trial is granted. The costs on appeal are to be taxed against the respondent.

BARTCH, C. J., and McCARTY, J., concur.