JOEL E. WELBORN *v.* AMOS J. SPEARS.

1. JURY: OATH OF: PRESUMPTION IN FAVOR OF REGULARITY IN.—Where the record recites that the jury were sworn "a true verdict to give according to the evidence," it is sufficient, as it will be presumed that a due and formal oath was administered, or that the parties waived any irregularity in this respect, unless objection was made, and exceptions taken at the time. See *Dyson* v. *The State*, 26 Miss. R. 362.

2. EVIDENCE: ENTRY IN LAND OFFICE.—The original book of entries of a United States Land Office is competent and sufficient evidence to show a title to the land on the party who made the entry. See Hutch. Code, p. 864, art. 3.

3. ERROR: NOT PREJUDICIAL: NO GROUND FOR REVERSAL.—An erroneous instruction to the jury, but which did not operate in the rendition of the verdict to the prejudice of the party, against whom it was given, is no ground for setting aside the verdict, if that be correct under the law and facts of the case.

4. TRESPASS: IMPROVEMENTS ON PUBLIC LANDS BELONG TO PURCHASERS FROM THE

UNITED STATES.—A purchaser of land from the United States government is entitled to the improvements thereon at the time of his purchase; and if they be subsequently. removed by the person who made them, he may maintain trespass and recover their value, although he never had actual possession of the premises.

IN error from the Circuit Court of Jones county. Hon. John Watts, judge.

The· plaintiff below sued the defendant for a trespass which he alleged that the defendant had committed by entering upon his land and removing the dwelling and out-houses and some fence-rails situated on the premises.

The defendant pleaded not guilty.

It appeared from the evidence that the defendant had purchased the improvements on the land from the person who made them, whilst it belonged to the government of the United States, and had under his contract entered into possession. The plaintiff afterwards entered the land in the land-office at Augusta in the State. After plaintiff's entry, the defendant removed from the premises the improvements, consisting of a dwelling and out-houses and fencing, the value of which was proven by a witness for the plaintiff to be $350.

Upon the trial, the plaintiff offered in evidence the original books of entry of the land-office at Augusta, showing that he had entered the land in controversy. This was objected to by the defendant, but the court permitted the evidence to go to the jury.

The court, at the instance of the plaintiff, instructed the jury in substance as follows:—That it is immaterial who made the improvements, if they believed that the plaintiff had title to the land at the time they were removed.; that the right and title to the land carried with it the right of possession, and that this was sufficient to enable the plaintiff to maintain trespass; that the jury were not confined to the actual value of the property removed in assessing damages, but that they might find for the plaintiff, if they believed he was entitled to recover, whatever sum they might think was proper under the circumstances, and that they had nothing

to do with the question whether the land was public or not, previous to the entry by plaintiff.

The defendant asked the court to instruct the jury:—

"1. That if they believed from the evidence, that the defendant was in possession of the property in good faith, and holding the right of possession, and was not aware of the fact that the plaintiff had entered the land when the trespass was committed, they must find for the defendant.

"2. That a mere entry in a tract-book of the land-office is not of itself evidence of title, and unless the plaintiff has shown title in the land, they will find for the defendant."

The court refused to give the instructions.

The record recited that the jury was sworn "a true verdict to give according to the evidence."

The plaintiff had verdict and judgment for $250.00.

The defendant moved for a new trial, which was refused, and he prosecutes this writ of error.

*D. Mayes,* for plaintiff in error,

Cited and commented on the following cases to maintain the point that the record did not show that the jury were properly sworn. *Beal* v. *Campbell,* 1 How. 24; *Wolfe* v. *Martin,* Ib. 30; *Irwin* v. *Jones,* Ib. 498; *Dejarnett* v. *Haynes,* 23 Miss. R. 600.

*R. Seal,* on same side.

*Taylor,* on same side.

*Freeman* and *Dixon,* for the defendant in error,

Cited the following cases, to sustain the sufficiency of the record as to the oath of the jury. *Montgomery* v. *Tilbrethson,* 1 How. R. 215; 6 Wend. R. 548; 3 Blackf. 269-304; 1 Douglass, R. 306.

HANDY, J., delivered the opinion of the court.

The first objection taken to the judgment is, that the jury appear by the record to have been improperly sworn.

It appears that the jury were "*sworn a true verdict to give according to the evidence.*" This was sufficient; and from the nature of the statement upon the point required to be made by the clerk in making up the record, it must be presumed that a due and formal oath was administered. *Dyson* v. *State*, 26 Miss. 362. If an insufficient oath was actually administered, it was the duty of the plaintiff in error to take exception to it at the time; and in the absence of such exception, it will be presumed to have been regularly administered.

2. It is objected that the court permitted the land-office book of entries to be offered in evidence to show title to the premises in question in the plaintiff.

Upon general principles of evidence, the original book of entries was competent evidence, because it was the best evidence of which the matter was susceptible, to show that an actual entry had been made. It was the *record* of the entry provided by law; and if a copy of it is allowed by statute to be used as evidence, that furnishes no reason why the record itself should not be used. But the statute authorizing copies as evidence, clearly recognizes the sufficiency of the records themselves, by providing that authenticated copies may be admitted in evidence "in all cases *where the original could be admitted.*" Hutch. Code, 864, art. 3.

3. Objection is made to the first instruction given at the instance of the plaintiff, which is as follows:—"That the jury have nothing to do with the question whether the land was public or not, previous to the entry."

It clearly appeared by the evidence that the land had been entered at the land-office of the United States, and that the plaintiff claimed title in virtue thereof. This was *prima facie* evidence that it was public land of the United States previous to the entry, and there was no proof tending to show to the contrary. It was therefore immaterial for the jury to consider whether the land was public or not previous to the entry, for that was settled by the evidence; and so far as the rights of the parties were affected by the question, it was to be taken that the land was public land, and that the entry was proper and legal.

4. It is also objected that several of the instructions refer the

question of law to the jury whether the plaintiff had the title to the land or the right of possession. We do not think that the instructions referred to were calculated to have the effect suggested. No objection, on this ground, was made to them at the time when they were granted; and the verdict appears to be well justified by the evidence. Under such circumstances, the verdict will not be set aside, if correct under the law and facts of the case.

5. It is again objected, that the court improperly instructed the jury that it was a case in which they might give exemplary damages. There was nothing in the case to warrant that instruction. But it appears that exemplary damages were not given by the jury, and that they might have given even a larger amount of damages than was given, for the value of the property as proved by the witnesses. It cannot, therefore, be said that any prejudice was done to the defendant by this instruction, and its being granted is no ground for setting aside the verdict.

Some other immaterial objections are made to the rulings of the court; but we do not consider them well founded.

Upon the whole we consider the judgment correct, and it is affirmed.