(February 5, 1900.)

## BINGHAM COUNTY AGRICULTURAL ASSOCIATION v. ROGERS.

[59 Pac. 931.]

NEW TRIAL—ORDER GRANTING.—On an appeal from an order of the district court granting a new trial, where the record shows manifest error, the order will be affirmed.

IMPROVEMENTS ON PUBLIC LAND—REMOVAL OF.—Where a person has entered on public land in good faith, under what he believes to be a valid entry, and has made valuable improvements thereon, he is entitled, upon his entry being defeated, to remove such improvements, upon reasonable notice, after the title to the land has been finally determined.

FIXTURE, HOW DETERMINED.—In determining whether a thing is a fixture or not, the relation of the parties must be considered. *Held*, in this case, that the fence inclosing the land placed thereby plaintiffs was not a fixture which the plaintiffs was prohibited from removing.

(Syllabus by the court.)

APPEAL from District Court, Bingham County.

Dietrich & Stevens, for Appellants.

Was it error for the court to grant a new trial because of the alleged defect in the complaint in not stating "that the plaintiffs were the owners or entitled to the possession of the property sued for at the time of the commencement of the actions"? (*Schwartz v. Skinner,* 47 Cal. 3; *Ladson v. Mostowitz,* 45 S. C. 388, 23 S. E. 49.) A bare allegation that at the time of the commencement of this action plaintiffs were the owners, or entitled to the possession of the property in question, would, under the circumstances of the case, have been a mere conclusion of law. (*Silsby v. Aldridge,* 1 Wash. 117, 23 Pac. 836.) A complaint which alleges that plaintiff was lawfully possessed of certain chattels, that on a certain day defendant wrongfully took them and has ever since unjustly detained them, is sufficient. (*Appleby v. Hollands,* 8 App. Div. 375, 40 N. Y. Supp. 804; *Halleck v. Mixer,* 16 Cal. 574; *Simmons*

*v. Lyons,* 55 N. Y. 671; *Oleson v. Merrill,* 20 Wis. 462, 91 Am. Dec. 428.) Inferential allegations are sufficient as against a general demurrer. (*Visher v. Smith,* 91 Cal. 260, 27 Pac. 650; *Williams v. Ashe,* 111 Cal. 180, 43 Pac. 595.) Where, in an action of detinue, the complaint alleges the wrongful taking of the property, the detention, the demand and damages for wrongfully withholding the same, an objection that it is not sufficient to support a judgment for plaintiff will not be sustained on appeal. (*Crews v. Baird,* 2 Idaho, 103, 6 Pac. 116.)

N. H. Clark, for Respondent.

When an appeal is taken from an order granting a new trial, the court is not confined to considering the ground on which said order is made, but will review entire record, and will sustain the order granting the new trial if any reason can be found therefor in the record. (*Shanklin v. Hall,* 100 Cal. 26, 34 Pac. 636; *Kauffman v. Maier,* 94 Cal. 269, 29 Pac. 481.) In a suit to recover personal property the complaint must show the ultimate fact that plaintiff was owner, or entitled to the possession at the time of the commencement of the action, and it is not sufficient to merely aver that he was the owner or entitled to the possession at some period prior to that time. To the same affect are the following cases: *Fredericks v. Tracy,* 98 Cal. 658, 33 Pac. 750; *Truman v. Young,* 121 Cal. 490, 53 Pac. 1073; *Masterson v. Clark* (Cal.), 41 Pac. 796; *Affierbach v. McGovern,* 79 Cal. 268, 21 Pac. 837; *Alden v. Garver,* 13 Iowa, 253, 81 Am. Dec. 430.

HUSTON, C. J.—This is an appeal from an order of the district court, granting a new trial. The complaint purports to be in an action of claim and delivery, and avers ownership of the property sought to be recovered in the plaintiffs on the sixth day of May, 1896; avers value of the property on the sixth day of May, 1896; avers the taking of possession of the property by the defendant on the same date, and his continued holding since that time; avers, generally, that plaintiffs have repeatedly demanded possession. The action was commenced on September 7, 1898. We have earnestly and studiously sought for some authority upon which we could sustain this

Feb. 1900.]    Bingham Co. etc. Assn. *v.* Rogers.    65

Opinion of the Court—Huston, C. J.

complaint, but we have failed to do so.   The purpose and intention of the code, as we understand it, was to simplify the theretofore complicated and abstruse system of pleadings under the common law; but we do not understand it was intended to obliterate, root and branch, the whole science of pleadings from the practice of law.   At common law the action of replevin was an action to recover the possession of specific personal property, and the proceedings were somewhat complicated.   By the code it is sought to do away with these complications, in so far as they are not essential to the accomplishment of the end sought.   But the elements of the action are the same, and the necessity of stating in the complaint, in clear and concise language, the facts upon which the plaintiff predicates his right to recover, are as imperative under the code as under the old system.   In the complaint in this action the plaintiff does not state that, at the time of commencing his action, he was the owner, was in possession, or was entitled to the possession, of the personal property in question.   He says that on the sixth day of May, 1896, more than two years before the commencement of this suit, he was the owner of said property.   We do not think this a sufficient averment.

Inasmuch as this case must be remanded for a new trial, we deem it proper to announce our view upon some of the questions of law which will necessarily arise upon a retrial of the case.   We think it is the undoubted rule of law that where a person has in good faith entered upon public lands of the United States, and made or caused to be made valuable improvements thereon, although his right to make entry of such lands under the land laws of the United States may be defeated, he is not by reason thereof deprived of his property in such improvements, and is entitled to remove them upon reasonable notice, after the question of title has been finally settled· We see no reason why the fences inclosing the premises in this case should be excepted from the plaintiff's right of recovery. "In determining whether a thing is a fixture or not, the relation of the parties must be considered."   When the plaintiffs placed the fence around those premises, the land was public land of the United States.   The defendant had no color of

right or claim thereto. There were no contractual or other relations between plaintiffs and defendant in regard to the land, nor did the defendant acquire any right to the land until long after said fence had been constructed. We do not think said fence, as between the plaintiffs and defendant, was such a fixture as plaintiffs were not entitled to remove. The order of the district court granting a new trial is affirmed, and the cause remanded, with instructions to allow the plaintiffs to amend their complaint, and for further proceedings in accordance with the views herein expressed.

Quarles and Sullivan, JJ., concur.