(February 20, 1911.)

## GEORGE A. RICHARDSON, Respondent, v. JOSEPH D. BOHNEY et al., Appellants.

[114 Pac. 42.]

RESURVEYS OF PUBLIC LANDS—RIGHT OF REMOVAL OF IMPROVEMENTS FROM PUBLIC LANDS.

(Syllabus by the court.)

1. In hearing evidence as to the correctness of a resurvey of lands and the establishment of a true boundary line between adjoining owners, the inquiry should be directed to the question as to where the line of original survey was actually established on the ground without reference to the question as to whether or not the original survey was correct or incorrect.

2. Where a party enters upon public lands in good faith and makes, or causes to be made, valuable improvements or grows crops thereon, although his right to make entry of such lands or purchase the same under the land laws may be defeated, he should be allowed to remove such improvements or crops within a reasonable time after notice that his title is not good or that he is not the owner of the lands on which he has entered.

APPEAL from the District Court of the Sixth Judicial District, for the County of Fremont. Hon. James M. Stevens, Judge.

Action by plaintiff for damages and an injunction to restrain defendants from removing hay, fences, wire, and posts from certain lands. Judgment for plaintiff and defendants appeal. *Reversed.*

Millsaps & Miller, for Appellants.

When public land has been surveyed by authority of the United States, and patented with reference to the boundaries as fixed by such surveys, the corners and lines so established, whether correct or not, are conclusive, and cannot be altered and controlled by other surveys. (*Billingsley v. Bates,* 30 Ala. 376, 68 Am. Dec. 126; *Climer v. Wallace,* 28 Mo. 556, 75

Am. Dec. 135; *Mayor of Liberty v. Burns*, 114 Mo. 426, 19
S. W. 1107, 21 S. W. 728; *Granby Mining Co. v. Davis*, 156
Mo. 422, 57 S. W. 126; *Arneson v. Spawn*, 2 S. D. 269, 39 Am.
St. 783, 49 N. W. 1066; *Goodman v. Myrick*, 5 Or. 65; *Jones
v. Kimble*, 19 Wis. 429; *Trinwith v. Smith*, 42 Or. 239, 70
Pac. 816.)

The true corner of a government subdivision of land is
where the United States survey in fact established it, whether
such location is right or wrong, as may be shown by a subse-
quent survey. (*Nesselrode v. Parish*, 59 Iowa, 570, 13 N. W.
746; *Beardsley v. Crane*, 52 Minn. 537, 54 N. W. 740.)

The question is not where the government corner should
have been located, but where in fact it was located. And when
it is once found, or the place of its location identified, it must
control. (*Doolittle v. Bailey*, 85 Iowa, 398, 52 N. W. 337.)

If the stakes or monuments placed by the government in
making a survey to indicate section corners and quarter posts
can be found, or the place where they originally were can be
identified, they are to control in all cases. If they cannot be
found, or if lost or obliterated, they must be restored upon
the best evidence obtainable which tends to prove where they
were originally. It is for this purpose that resurveys are
made, and the lines retraced as nearly as possible. (*Hess v.
Meyer*, 73 Mich. 259, 41 N. W. 422; *Washington Rock Co. v.
Young*, 29 Utah, 108, 110 Am. St. 666, 80 Pac. 382.)

Soule & Soule, for Respondent.

Appellants cite numerous authorities on the question of the
binding force of the original government survey under which
titles have been acquired, and we heartily indorse those cases,
but they are not applicable to the case at bar. In all those
cases disputes have arisen upon patented claims, one of which
was based upon what was found and determined to be the
original lines established by the government. Where this is
done, it binds whether right or wrong, but our dispute is be-
tween two unpatented claims, neither of them a year old when
this suit was filed. (*Washington Rock Co. v. Young*, 29 Utah,

108, 110 Am. St. 666, 80 Pac. 382; *Yolo County v. Nolan,* 144 Cal. 445, 77 Pac. 1066.)

SULLIVAN, J.—The unsatisfactory condition of the record in this case as well as the uncertainty of the evidence it discloses convinces us that the ends of justice can be more satisfactorily and effectively met by ordering a new trial than by affirming the judgment in the condition in which the case comes before us. We have consequently concluded that a reversal of the judgment should be ordered and a new trial granted.

In doing so it is only necessary to make the following observations: In the first place, we do not think there was any error in overruling the demurrer.

In the second place, the effort of the parties on a new trial should be directed toward the ascertainment of the true line of the government survey as it was originally made on the ground, and not as to the contention among surveyors as to the correctness of the survey, or anything of that kind. "The purpose of a resurvey subsequent to the taking of title by purchasers and settlers," as stated by this court in *Bayhouse v. Urquides,* 17 Ida. 290, 105 Pac. 1066, "is to ascertain the lines of the original survey and the original boundaries and monuments as established and laid out by the survey under which the parties originally procured their titles. (*Martz v. Williams,* 67 Ill. 306.) On such resurvey or re-established boundaries and monuments the question of the correctness of the original surveys cannot enter into the matter at all, and is a matter that does not concern the surveyor, and is not a question to be ascertained by him." The rule there announced is one that should govern the court in ascertaining the correct boundary line between the parties in this case.

In the third place, if it should be ascertained that any of the parties to this action entered upon land which was government land and which did not in fact belong to them, and grow crops or place valuable improvements thereon, the question of the ownership and right of removal of such crops or improvements should be determined by the rule announced by this court in *Bingham County Agricultural Assn. v. Rogers,*

7 Ida. 63, 59 Pac. 931, wherein the court said: "We think it is the undoubted rule of law that where a person has in good faith entered upon the public lands of the United States, and made or caused to be made valuable improvements thereon, although his right to make entry of such lands under the land laws of the United States may be defeated, he is not by reason thereof deprived of his property in such improvements, and is entitled to remove them upon reasonable notice, after the question of title has been finally settled." The rule will apply to growing crops, at least up to the extent of their value at the time the interest of a rightful entryman or purchaser attaches.

For the foregoing reasons, the judgment will be *reversed,* and the cause is hereby remanded for a new trial. Costs awarded in favor of appellant.

Stewart, C. J., and Ailshie, J., concur.

Petition for rehearing denied.