(June 28, 1911.)

## In Re XURA CASE, Habeas Corpus.

[116 Pac. 1037.]

HABEAS CORPUS—FEDERAL CONSTITUTION—FOURTEENTH AMENDMENT—UNITED STATES STATUTES—CONSTRUCTION OF—UNCONSTITUTIONAL STATE STATUTES—CONFLICT—RESIDENT FOREIGNERS—EMPLOYMENT OF—CORPORATIONS ARE PERSONS.

(Syllabus by the court.)

1. Under the provisions of sec. 1 of art. 14 of the amendments to the federal constitution, persons residing within the United States cannot be deprived of life, liberty or property without due process of law, nor shall there be denied to any person within its jurisdiction the equal protection of the laws.

2. All persons residing within the territorial jurisdiction of the United States are within the protection of the fourteenth amendment of the constitution, without regard to differences of race, color or nationality.

3. Where a state statute is in conflict with the provisions of the fourteenth amendment to the constitution and deprives a person of the right to labor, it deprives him of a constitutional right and is void.

4. Corporations are persons within the provisions of the fourteenth amendment to the federal constitution.

5. *Held,* that sec. 1458, Rev. Codes, is repugnant to the constitution and laws of the United States, and void.

Original application to this court for a writ of *habeas corpus* on the ground that the petitioner is illegally imprisoned and restrained of his liberty. Writ granted and petitioner discharged.

Johnson & Johnson, for Petitioner.

All persons within the territorial jurisdiction of the United States are within the protection of the fourteenth amendment to the constitution, without regard to differences of race, of color or nationality. (*Yick Wo v. Hopkins, Sheriff*, 118 U. S. 356, 6 Sup. Ct. 1064, 30 L. ed. 220; *Fraser v. McConway & Torley Co.*, 82 Fed. 257; *In re Parrott*, 6 Saw. 349, 1 Fed. 481; *People v. Warren*, 13 Misc. 615, 34 N. Y. Supp. 942; *State v. Montgomery*, 94 Me. 202, 80 Am. St. 386, 47 Atl. 167; *In re Ah Chong*, 2 Fed. 733, 6 Saw. 451; *In re Tie Loy*, 26 Fed. 611; Brannon on the Fourteenth Amendment, pp. 318, 319.)

Corporations are within the protection of the fourteenth amendment. (*Railroad v. Gibbes*, 142 U. S. 368, 391, 12 Sup Ct. 255, 35 L. ed. 1051; *Santa Clara County v. Railroad*, 118 U. S. 396, 6 Sup. Ct. 1132, 30 L. ed. 118; *Smyth v. Ames*, 169 U. S. 466, 18 Sup. Ct. 418, 42 L. ed. 819.)

"While, however, Congress may lawfully exclude or regulate the admission of aliens, an alien, who according to law is rightfully within the country, is entitled to the benefit of the guaranties of life, liberty and property, secured by the constitution, to all persons within the jurisdiction of the United States, and is as fully protected as if he were a native or naturalized citizen of the country." (McGee, Due Process of Law Under the Federal Constitution, pp. 191, 192, and cases cited; Black's Constitutional Law, sec. 205, p. 465.)

D. C. McDougall, Attorney General, J. H. Peterson and O. M. Van Duyn, Assistants, for the State.

Sec. 1977, 1 Fed. Stat. Ann., p. 791, known as the Civil Rights Act, has no application whatever to the case at bar, because under no theory could it be argued that the Idaho statute was intended to deprive some person of a right by reason of his color. This statute is directed against white as well as colored, against the Englishman and German as well as against the Italian and Greek. (*United States v. Cruikshank*, 1 Woods (U. S.), 308, 25 Fed. Cas. No. 14,897.)

The legislature is the sole judge upon matters of policy, and with this discretion the courts will not interfere. Counsel proceeds on the theory that this statute was enacted to discriminate in favor of the American workman and against the alien. This may be true and it may not. We maintain that even if this were the basic reason which prompted the legislature in enacting the statute, it was competent for the legislature to do so. The police power of the state may be invoked to protect the people in relation to the morals, peace and safety of its society. (*Passenger Cases,* 7 How. (U. S.) 283, 12 L. ed. 702; *Trageser v. Gray,* 73 Md. 250, 25 Am. St. 587, 20 Atl. 905; *Slaughter-House Cases,* 16 Wall. (U. S.) 36, 21 L. ed. 394.)

SULLIVAN, J.—The petitioner was convicted in a justice's court for the violation of the provisions of sec. 1458, Rev. Codes of Idaho, and adjudged to pay a fine of $75, and it was ordered that in default of the payment of said fine the petitioner be imprisoned in the county jail until said fine be paid, at the rate and to the extent of one day's imprisonment for every two dollars of said fine. The petitioner refused to pay the fine and was committed to the county jail, and thereupon applied to this court for a writ of *habeas corpus,* praying to be restored to his liberty on the ground that said statute under which he was convicted and fined was unconstitutional and void.

It is alleged in the complaint and admitted by stipulation that the petitioner is the superintendent of the Pacific Paving Company, a private corporation organized under the laws of the state of Washington and engaged in the business of paving streets in Boise City under contract with the municipal authorities. It is also stipulated that the Pacific Paving Company had prior to the commencement of this action complied in every respect with the laws of the state of Idaho in relation to the filing of copies of its articles of incorporation and designating an agent upon whom process could be served, and that it has ever since continued to comply with said laws. It is also stipulated that the person whom the court found was

employed by petitioner on behalf of said paving company was a citizen of the Kingdom of Greece, who had not yet applied for naturalization papers in the United States. The complaint does not charge a violation of the provisions of said section of the statute relating to employment on public works, but merely that, as superintendent of a private corporation, petitioner knowingly gave employment to four aliens, regardless of the character of work upon which they were employed.

Counsel for petitioner contends that section 1458, Rev. Codes, under which he was convicted, is repugnant to certain sections of the federal constitution and statutes and to the constitution of Idaho, and that the complaint does not charge petitioner with the commission of a public offense. Said section 1458 is as follows:

"It shall hereafter be unlawful for any county government, or municipal or private corporation organized under the laws of this state or organized under the laws of another state or territory or in a foreign country and doing business in this state, to give employment in any way to any alien who has failed, neglected or refused, prior to the time such employment is given, to become naturalized or to declare his intention to become a citizen of the United States."

It is contended that the above section of the Revised Codes deprives the petitioner and the paving company and also the alien of liberty and property without due process of law, in violation of art. 5 and sec. 1 of art. 14 of the amendments to the federal constitution, and also denies them the equal protection of the laws, and that it operates to abridge the privileges and immunities of petitioner as a citizen of the United States in violation of said sec. 1 of art. 14, and that it is also in conflict with sec. 1977, Rev. Stat. of the United States (U. S. Comp. Stats. 1901, p. 1259), and that so far as the alien alone is concerned, said section 1458 violates sec. 1 of the treaty of 1837 between the United States and the Kingdom of Greece. (8 Stats. 498, 7 Fed. Stat. Ann. 626.) Art. 5 of the federal constitution provides that no person shall be deprived of liberty or property without due process of law, and sec. 1 of art. 14 provides that no state shall make or enforce

. any law which shall abridge the privileges or immunities of citizens of the United States, and that no state shall deprive any person of liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws.

The leading cases which hold that all persons within the territorial jurisdiction of the United States are within the protection of the fourteenth amendment of the constitution, without regard to differences of race, color or nationality, are *Yick Wo v. Hopkins, Sheriff*, 118 U. S. 356, 6 Sup. Ct. 1064, 30 L. ed. 220; *Fraser v. McConway & Torley Co.*, 82 Fed. 257; *In re Tiburcio Parrott*, 1 Fed. 481.

In the Parrott case the court had under consideration sec. 2 of art. 19 of the constitution of the state of California, which provided that no corporation formed under the laws of that state shall directly or indirectly employ in any capacity any Chinese or Mongolians, and required the legislature to pass such laws as might be necessary to enforce that provision. The legislature by an act of February 13, 1880, made it an offense for any officer, director, agent, etc., of a corporation to employ Chinese, and the court held that said section of the constitution and statute were in conflict with the provisions of the fourteenth amendment to the federal constitution and void, and the court there held that to deprive a person of the right to labor deprived him of both liberty and property, and that a person's right to liberty and property is a constitutional right, wholly independent of treaty stipulations and exists without them.

A state legislature, by legislative enactment or otherwise, has no authority to deprive a person of the right to labor at any legitimate business, or to deny any person within the jurisdiction of the United States the equal protection of the laws, or to prohibit a corporation that has a right to do business in the state to employ any person, whether alien or native, in the prosecution of any legitimate business.

It is suggested that a corporation is not a "person" within the meaning of that word as used in said fourteenth amendment to the constitution, and that as corporations are organ-

ized under the laws of a state, the state may enact such laws as it may deem best for the control of such corporations and has full authority to deprive them of the right to employ aliens. Those contentions are fully met by the decision of the supreme court of the United States in *Gulf, C. & S. F. R. Co. v. Ellis*, 165 U. S. 150, 17 Sup. Ct. 255, 41 L. ed. 666, in which case it is held that corporations are "persons" within the provisions of said fourteenth amendment, and that a state has no more power to deny to them the equal protection of the law than it has to deny it to individual citizens. That being the law, the state courts must conform their decisions in the interpretation of the federal constitution and statutes to the construction placed upon them by the federal courts, and a corporation is a "person" within the provisions of said fourteenth amendment to the federal constitution.

Under the authority of the cases above cited, said sec. 1458, Rev. Codes, is repugnant to the constitution and laws of the United States, and void, and petitioner is entitled to be discharged, and it is so ordered.

Ailshie, Presiding J., concurs.