Patterson v. Chaney, 24 N. M. 156.

[No. 2126, May 28, 1918.]
## PATTERSON v. CHANEY.

### SYLLABUS BY THE COURT.

1.   The purchaser from the government of public lands is entitled to the improvements on the premises when he acquires possession as being a part of the real estate.        P. 158

2.   There are three general tests applied by the courts in, determining the question whether an article used in connection with realty is to be considered a fixture: First, annexation to the realty, either actual or constructive; second, adaptation or application to the use or purpose to which that part of the realty to which it is connected is appropriated; and, third, intention to make the article a permanent accession to the freehold.        P. 159

3.   Section 4634, Code 1915, does not attempt to give the owner of improvements upon public lands the right to remove the same, after such lands have passed into the possession of a bona fide entryman or purchaser from the government.
        P. 159

4.   The Act Cong. June 1, 1874, c. 200, 18 Stats. 50 (U. S Comp. St. 1916, § 1541), has no application to homestead entries.        P. 162

Appeal from District Court, Chaves County; Richardson, Judge.

Action in replevin by Clyde A. Patterson against C. G. Chaney.  From judgment for plaintiff, defendant appeals.  Reversed, with directions.

H. R. PARSONS, of Ft. Sumner, for appellant.

As to status of homestead entryman and his title, see:

Wisconsin R. Co. v. Price Co., 133 U. S. 496; Knapp v. Alexander Edgar L. Co., 237 U. S. 162; Moore v. Linn, 91 Pac. 911; Reservation State Bank v. Holst, 70 L. R. A. 799; Welborn v. Spears, 32 Miss. 138; Hill v.

Pitt, 96 N. W. 339; 32 Cyc. 826; Chaves v. Sanchez, 32 Pac. 137; Collins v. Bartlett, 44 Cal. 371; Seymour v. Watson, 5 Blackf. 555; 2 Green. 542, 57 Ill. 489.

K. K. SCOTT, of Silver City, for appellee.

Ordinarily improvements placed on property of another becomes property of the latter.

Van Ness v. Pacard, 2 Pet. 137, 143.

Improvements here were not so attached as to become part of realty.

O'Hawlon v. Denvir, 15 Am. St. R. 19; Sec. 4634, Code 1915; 8 Fed. Stats. Ann. 522; Crooker v. Donovan, 30 Pac. 374.

As to right to remove improvements by homestead entryman.

32 Cyc. 1017; Winans v. Beidler, 52 Pac. 405.

Improvements on homestead entry are subject to sale and the owner has a reasonable time after the adverse entry to remove same.

Wallbrecht v. Blush, 95 Colo. 927; 22 Cyc. 10; 32 Cyc. 1071; Collins v. Bartlett, 44 Cal. 371; Bingham Co. v. Rogers, 59 Pac. 931; Pennebecker v. McDougal, 48 Cal. 160.

## OPINION OF THE COURT.

ROBERTS, J. This is an action in replevin of certain property consisting of a three-room dwelling house, windmill, garage, chicken house, and fencing located on land held by appellant under a homestead claim at the time of the institution of the suit. There was no dispute as to the material facts in the case. On May 16, 1913, Chester E. Walton made a homestead entry at the Ft. Sumner land office for the north half of section 1, township 2 south, range 22 east. After making the entry he constructed the improvements in question and

lived on the claim for some eight months. The house was set on a stone foundation. The wind-mill was for the operation of a pump, and was bolted to a foundation set in the earth. The garage was likewise set upon a foundation, and the fence consisted of posts and wire, the posts being imbedded in the earth. Walton, in February, 1914, sold the improvements to appellee's brother for $100 cash and four notes of $100 each. Walton, at the same time, signed a relinquishment and delivered it to Patterson. Later Walter Patterson sold the improvements to appellee herein, and delivered to him the relinquishment. The Pattersons lived on the claim for some time, but never filed thereon. On January 3, 1916, appellee entered into an agreement with one Midgett, by which he agreed to transfer to him the improvements and to deliver the relinquishment. Midgett applied at the land office at Ft. Sumner, and was told that there was no contest pending, whereupon he delivered the relinquishment and made application to enter the land. The application was received, but later Midgett was notified by the officers of the land department that C. G. Chaney, appellant herein, had filed a contest on December 13, 1915. Chaney's application to enter the land was allowed, and the application made by Midgett was rejected. In March, Chaney took possession of the land and improvements, and this action was instituted by appellee to recover the improvements.

Appellant, at the conclusion of appellee's evidence in chief, moved the court for an instructed verdict, which was overruled. Later, the motion was renewed at the close of all the evidence, and was again overruled. The action of the court in overruling this motion is decisive of the case. Other questions are presented, but they are disposed of by a consideration of the single question.

[1] Appellant contends that when he entered the land he was immediately vested with the right of possession of the tract of land upon which the improvements in question were located, and to everything annexed to it in a permanent way; that the improvements in question

were permanently annexed to the land, and the right to their possession passed to him; that, being fixtures, they could not be replevied. In Wisconsin R. Co. v. Price County, 133 U. S. 496, 10 Sup. Ct. 341, 33 L. Ed. 687, the court said:

"In Witherspoon v. Duncan, 4 Wall. 210, 218 [18 L. Ed. 339], a similar question arose and was in like manner answered. Said the court: 'In no just sense can lands be said to be public lands after they have been entered at the land office and a certificate of entry obtained. If public lands before the entry, after it they are private property. If subject to sale, the government has no power to revoke the entry and withhold the patent. A second sale, if the first was authorized by law, confers no right on the buyer, and is a void act'—and again: 'The contract of purchase is complete when the certificate of entry is executed and delivered, and thereafter the land ceases to be a part of the public domain. The government agrees to make proper conveyance as soon as it can, and in the meantime holds the naked legal fee in trust for the purchaser, who has the equitable title."

Hence if the improvements on the land in question were fixtures and passed with the real estate, appellant, having the right of possession of the real estate, would likewise be entitled to the possession of all permanent improvements and fixtures upon the same.

[2] There are three general tests applied by the courts in determining the question whether an article used in connection with realty is to be considered a fixture. First, annexation to the realty, either actual or constructive; second, adaption or application to the use or purpose to which that part of the realty to which it is connected is appropriated; and, third, intention to make the article a permanent accession to the freehold. 11 R. C. L. 1059; Reeves on Real Property, § 11; Ewell on Fixtures, 27.

[3] The improvements made upon the entry by Walton under these tests must be held to be fixtures. Under his entry of the land he was required by the statutes of the United States to take up his residence upon it and improve it, and, upon complying with the law,

he would eventually have received a patent from the government, conveying to him the legal title to the land. He took up his residence upon the land and made the improvements, presumably with the intention of fully complying with the law and becoming invested with such title. The nature of the property, the manner of its construction, and its intended use all go to show that it was the intention of the party who made the improvements that they should be permanent additions to the land. There is no evidence tending to show a contrary intent. Under such circumstances the articles, so attached, are presumed to have become a part of the realty, and, being such when appellant filed a homestead entry on the land in question, he acquired the right to the possession of the land and to the fixtures thereon. It is well settled, as stated by the editor of the note to the case of Reservation State Bank v. Holst, 70 L. R. A. 799, that:

"The purchaser from the government is entitled to the improvements on the premises when he acquires possession, as being part of the real estate."

Many cases are cited in support of the text.

In the case of Collins v. Bartlett, 44 Cal. 371, the court held that all improvements on the public lands of the United States which become a part of the realty pass to the purchaser of the land from the United States. The court considered the effect of an act of the legislature allowing those who had put improvements on lands of the United States to remove the same within six months after the land shall have become private property of any person, and held that, in so far as this statute related to improvements which are a part of the realty, it was void because of its interference with the primary disposition of the soil by the government of the United States. This case was followed by the court in Pennybecker v. McDougal, 48 Cal. 160, and McKiernan v. Hesse, 51 Cal. 594. The same rule is announced by the Supreme Court of Arkansas in the case

of Graham v. Roark, 23 Ark. 19. Other Arkansas cases will be found cited in this opinion.

· The Supreme Court of Illinois, in the case of Houston v. Overturf, 1 Scam. (Ill.) 170, holds that a promise made by a vendee of public lands, after the purchase of the same from the United States, to pay for improvements made upon the same previous to the purchase, was without consideration and void. This upon the theory that the improvements passed with the land; hence that there was no consideration for the agreement to pay for the same. To the same effect see Carson v. Clark, 1 Scam. (Ill.) 113, 24 Am. Dec. 79, and the later case of French v. Carr, 2 Gilman (Ill.) 664, and the case of Burleson v. Teeple, 2 G. Greene (Iowa) 542, which held that a fence built upon public lands, even by mistake, passes with the freehold from the government to the purchaser. The same rule was announced by the Supreme Court of Indiana in the case of Seymour v. Watson, 5 Blackf. (Ind.) 555, 36 Am. Dec. 556. See, also, Welborn v. Spears, 32 Miss. 138; Hiatt v. Brooks, 17 Neb. 33, 22 N. W. 73. In 32 Cyc. 826, it is held that a purchaser of lands from the United States is entitled to growing crops and improvements forming part of the realty which are on the land at the time of the purchase.

Appellee argues, however, that the statute of New Mexico (section 4634, Code 1915) has enlarged the rights of the bona fide possessor of government land with respect to improvements. This section provides:

"The owner of what is known as a valid claim or improvement under the laws of this state, on public lands of the United States, shall be deemed in possession of a transferable interest therein, and any sale of such improvement shall be considered a sufficient consideration to support a promise," etc.

This statute, however, does not have the effect which appellee ascribed to it. It has application only so long as the title and right to possession of the land is in the United States. So long as the claimant is in possession of the land, legal title to the same being in the

United States, the claimant, under this statute, would have the right to sell or dispose of any improvements he might make upon the land. He could likewise dispose of growing crops. He can remove the improvements and do what he chooses with the crop, because the government does not object or interfere with such action on his part. When, however, he loses his right of possession to the land and such right passes to another by virtue of a valid entry, the second entryman becomes entitled to possession of the land and of all fixtures thereon. With the rights of such parties the legislature has not attempted to interfere.

[4] Again, appellee argues that by virtue of the provisions of Act June 1, 1874, c. 200, 18 Stats. L. 50 (Comp. Stat. 1916, § 1541) Fed. Stats. Ann. vol. 6, 522, which provides:

"That when an occupant of land, having color of title, in good faith has made valuable improvements thereon, and is, in the proper action, found not to be the rightful owner thereof, such occupant shall be entitled in the federal courts to all the rights and remedies, and, upon instituting the proper proceedings, such relief as may be given or secured to him by the statutes of the state or territory where the land lies, although the title of the plaintiff in the action may have been granted by the United States after said improvements were so made."

—Congress has recognized the right of private property in improvements made on the public lands of the United States, even when the title to the land has passed to another. This statute, however, has no application to homestead entries, as held by the Supreme Court of Oklahoma in the case of Woodruff v. Wallace, 3 Okla. 355, 41 Pac. 357. Appellee cites the cases of Crocker v. Donovan, 1 Okl. 165, 30 Pac. 374, and Winans v. Beidler, 6 Okl. 603, 52 Pac. 405, the latter case holding that the homestead settler who makes improvements upon a tract of government land can remove the same after the land has been awarded to an adverse settler. The first case cited involves solely the question of the right to tax improvements upon the government lands, the

territorial law so authorizing. The same rule is announced by a majority of the courts, which presents a quite different question from that here involved.

In a later Oklahoma case (Moore v. Linn, 19 Okl. 281, 91 Pac. 911) the court held that the second entryman was entitled to growing crops on the land entered, and said:

"And it has been held that where the government sells land to one, or permits one to file a homestead entry on a piece of government land, the purchaser or entryman not only acquires absolute right of possession, but also title to all improvements and growing crops theeron."

The only two states we have found where the courts hold in accordance with the contention of appellee. are Idaho and Colorado. In the case of Bingham County Agricultural Association v. Rogers, 7 Idaho 63, 59 Pac. 931, the court held that where a person has entered on public land, in good faith and under what he believes to be a valid entry, and has made valuable improvements thereon, he is entitled, upon his entry being defeated, to remove such improvements upon reasonable notice after the title to the land has been finally determined. No authorities are cited or reason advanced for the holding. In a later Idaho case (Richardson v. Bohney, 19 Idaho, 369, 114 Pac. 42) the earlier case is followed. In Colorado in the case of Wallbrecht v. Blush, 43 Colo. 329, 95 Pac. 927, the court said:

"If a person erects a building on the public domain by mistake, it does not necessarily become the property of the government, or of a subsequent homesteader, but the owner of the building will have a reasonable time in which to remove it."

The courts in these two states are not in harmony with the weight of authority, and the cases are not supported by reason and logic.

For the foregoing reasons we are constrained to hold that the district court should have sustained appellant's motion for a directed verdict. The cause will therefore

be·'reversed, with directions to enter judgment for appellant; and it is so ordered.

HANNA, C. J., and PARKER, J., concur.