(November 30, 1920.)

## J. A. CROM et al., Respondents, v. JOHN FRAHM, Appellant.

[193 Pac. 1013.]

APPEAL AND ERROR—MOOT QUESTIONS—CORPORATIONS—ARTICLES OF INCORPORATION AND BY-LAWS — AMENDMENTS — CONSTITUTIONAL LAW.

1. A motion to dismiss an appeal, on the ground that the substance of the controversy between the parties has disappeared, will be overruled if the appeal presents a question the decision of which may result in liability on an injunction bond given in the case.

2. Private corporations are "persons" within the meaning of the provision of the fourteenth amendment to the constitution of the United States, whereby each state is prohibited from denying to any person within its borders the equal protection of the laws.

3. A statute whereby it is sought to grant rights, powers and privileges to corporations organized and existing for the control or management of irrigation canal systems, constructed and operated pursuant to the Carey Act of Congress, while they are denied to other corporations, although organized and existing for the control and management of like enterprises, but which have procured their canal systems from sources other than Carey Act construction companies, is in contravention of the fourteenth amendment to the constitution of the United States.

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. Wm. A. Babcock, Judge.

Action to enjoin a corporation from performing certain acts pursuant to purported amendments to its articles of incorporation and by-laws. Judgment for plaintiff, and order overruling motion to dissolve injunction. *Affirmed.*

2. Word "person" as including private corporation, see notes in 20 Ann. Cas. 737; Ann. Cas. 1914A, 1308.

E. M. Wolfe and J. F. Martin, for Appellant.

This act affects all corporations of the kind mentioned where the number of stockholders exceeds three hundred. The classification is not unreasonable. (*Continental Inv. Co. v. Hattabaugh*, 21 Ida. 285, 121 Pac. 81; *State v. Federal Knights and Ladies*, 35 Wash. 338, 77 Pac. 500; *State v. French*, 17 Mont. 54, 41 Pac. 1078, 30 L. R. A. 415.)

"This is a species of classification which the legislature is at liberty to adopt, provided it be not wholly arbitrary or unreasonable." (*Consolidated Coal Co. v. Illinois*, 185 U. S. 203, 22 Sup. Ct. 616, 46 L. ed. 872; *Clark v. Titusville*, 184 U. S. 329, 22 Sup. Ct. 382, 46 L. ed. 569, see, also, Rose's U. S. Notes.)

Turner K. Hackman, for Respondents J. A. Crom et al.

Sec. 3050, C. S., is unconstitutional and void, because it is special as well as class legislation, and also impairs the obligations of a contract, as it applies only to a Carey Act corporation, "having stockholders numbering more than three hundred." (*Turner v. Coffin*, 9 Ida. 338, 74 Pac. 962; Const. Idaho, art. 11, secs. 2, 3; Sutherland on Stat. Const., secs. 190, 191, 199–204; *Boise I. & L. Co. v. Stewart*, 10 Ida. 38, 77 Pac. 25, 321; *State v. Horn*, 27 Ida. 782, 152 Pac. 275; *In re Mallon*, 16 Ida. 737, 102 Pac. 374, 22 L. R. A., N. S., 1123; *Connolly v. Union Sewer Pipe Co.*, 184 U. S. 540, 22 Sup. Ct. 431, 46 L. ed. 679, see, also, Rose's U. S. Notes.)

James R. Bothwell, for Respondent Twin Falls Canal Co.

"This court will, upon motion to dismiss, consider evidence outside the record tending to show that since the entry of the judgment or order appealed from the substance of the controversy between the parties has disappeared, and when it appears that only a moot question remains to be determined, the appeal will be dismissed." (*Abels v. Turner Trust Co.*, 31 Ida. 777, 176 Pac. 884; *Wilson v. Boise City*, 7 Ida. 69, 60 Pac. 84; *Waters v. Dunn*,

18 Ida. 450, 110 Pac. 258; *Roberts v. Kartzke,* 18 Ida. 552, 111 Pac. 1.)

MORGAN, C. J.—This action was commenced by stockholders of Twin Falls Canal Company to procure an injunction restraining that corporation from governing itself according to certain proposed amendments to its articles of incorporation and by-laws, and restraining Claud Brown, Ivan G. Lincoln and John Frahm, directors chosen in conformity to the amendments, from acting in that capacity.

A temporary injunction was issued and a motion was made to dissolve it, which was overruled. Thereafter a judgment was entered as prayed for in the complaint, and John Frahm has appealed from the order overruling the motion to dissolve the injunction and from the judgment.

A motion has been made to dismiss the appeals on the ground that the substance of the controversy between the parties has disappeared and only a moot question remains to be determined. In support of this motion it is shown that, since the order and judgment appealed from were made and entered, the defendants named in the complaint have ceased to act pursuant to the purported amendments.

In order to procure the issuance of the injunction, respondents were required to give an undertaking in the sum of $1,000, to the effect that they would pay to the parties enjoined such costs, damages and reasonable counsel fees as they might incur or sustain by reason of the injunction, if the court should finally decide respondents were not entitled thereto.

In view of this obligation it cannot be said the case now before us is without substance, and the motion to dismiss is overruled.

The purported amendments were declared to be adopted at a special meeting of the stockholders of the corporation whereat were represented by the owners personally, or by proxy, but 58,326,89 shares of the capital stock of which there were issued and outstanding 202,178.48 shares. Among the amendments to the articles of incorporation was

one whereby the board of directors was reduced from five members to three.

It is provided in C. S., sec. 4752, subd. 10, that every corporation has a right to amend its articles and thereby to change the number of its directors, but that such amendment shall be made and certified in the manner prescribed in sec. 4756 for increasing or diminishing the capital stock. The last-mentioned section contains this provision: "At least two-thirds of the entire capital stock must vote in favor of such increase or diminution before the same is effected."

C. S., sec. 4710, provides: "The by-laws may be repealed or amended, or new by-laws may be adopted at the annual meeting, or at any meeting of the stockholders or members called for that purpose by the directors, by a vote representing two-thirds of the subscribed stock, . . . . "

Respondents contend the amendments to the articles and by-laws are ineffectual and void because they were adopted by a vote representing less than the requisite number of shares of stock, while appellant relies on C. S., sec. 3050, wherein it is provided: "Any corporation organized and existing for the control or management of an irrigation project or canal system constructed and operated pursuant to what is commonly known as the Carey Act and the statutes of this state accepting the provisions of such act, having stockholders numbering more than 300, shall have and exercise the following rights, powers and privileges, in addition to those already granted and existing." Then follows an enumeration of rights, powers and privileges, among which is "To change or amend its articles of incorporation or by-laws or adopt new articles or new by-laws, by a two-thirds vote of the stock represented, at any regular meeting of the stockholders, or at any special meeting duly called for that purpose in accordance with the provisions of sec. 4707."

Twin Falls Canal Company is a corporation which has more than 300 stockholders. It was organized and exists for the purpose of controlling and managing an irrigation

canal system, which was constructed pursuant to 28 St. at L. 422, and acts amendatory thereof, commonly referred to as the Carey Act of Congress.

It will be observed that sec. 3050 permits amendments to be made by two-thirds vote of the stock represented at a meeting, be that much or little, while secs. 4752, 4756 and 4710 require that if such amendments be made, they must be by a vote representing two-thirds of the subscribed stock.

By sec. 3050 certain rights, powers and privileges are sought to be extended to a special class of corporations, and the question is, Does that section violate the fourteenth amendment to the constitution of the United States, wherein it is provided that no state shall "deny to any person within its jurisdiction the equal protection of the laws"?

Private corporations are "persons" within the meaning of that provision. (*In re Case*, 20 Ida. 128, 116 Pac. 1037; 6 R. C. L., p. 413, sec. 409; 12 C. J., p. 1142, sec. 877.)

In R. C. L., p. 411, sec. 408, the rule is stated thus:

"Corporations as creatures of the law may, within reasonable limits, be divided into classes, and each class given such rights, capacities and powers as the legislature may see fit. For this reason a corporation may not necessarily have the right to complain of a discrimination in favor of other classes of corporations or that all or any of the rights of natural persons have not been given to it; nor is the action of the state in so classifying corporations and in conferring different powers upon them in contravention of the fourteenth amendment of the federal constitution. . . . . In order, however, to justify diversity of treatment of corporations, the classification must be founded on differences either defined by the constitution, or such as are natural or intrinsic, and reasonable."

In this case the legislature has sought to grant rights, powers and privileges to corporations organized and existing for the control and management of irrigation canal systems constructed and operated pursuant to the Carey Act, and to deny them to other corporations, although

organized and existing for the control and management of like enterprises, but which have procured their canal systems from sources other than Carey Act construction companies. Such classification is not founded on a difference either natural, or intrinsic, or reasonable.

It follows that C. S., sec. 3050, is in contravention of the fourteenth amendment to the constitution of the United States, and is void.

The judgment and order appealed from are affirmed. Costs are awarded to respondents.

Rice and Budge, JJ., concur.