(No. 5373. May 22, 1930.)

MONTIE L. JONES, Respondent, v. HENRY STAUFFER, Appellant.

[288 Pac. 419.]

Peterson, Baum & Clark, W. J. Lamme and Wm. Story, Jr., for Appellant.

J. H. Andersen, for Respondent.

BUDGE, J.—In 1923 one Judy filed homestead entry at the United States land office at Blackfoot covering the NE.¼ of sec. 30, Tp. 6 N., R. 30 E., B. M. In September of the same year he relinquished the homestead entry and made application to enter the land under the Desert Act. This application was held in abeyance pending investigation of an adequate water supply for the property. As evidence of a water right Judy filed with his application copy of an agreement whereby he agreed to buy from the Columbia Trust Company 160 shares of stock in the Blaine County Canal Company and to enter into a contract with the Blaine County Reservoir Company for a supplemental water right. The purchase price of the water rights was paid partly in cash and the balance with a note secured by mortgage on the water stock and all the right, title and interest which Judy might acquire in the land covered by the desert application. Judy took possession of the land and farmed it either personally or by lessee. In the fall of 1926 the trust company obtained a judgment foreclosing its mortgage against the shares of stock representing the water right and the right, title and interest of Judy in and to the land, for his failure to pay the principal and interest of the note. On application of the trust company and with Judy's consent the court appointed a receiver to take and hold possession of the land pending its sale. In December, 1926, the receiver leased the land to appellant for the term of one year, on a crop division basis. August 8, 1927, the order appointing the receiver was vacated.

In March, 1926, respondent filed application for homestead entry on the same land. The application was sus-

pended because of Judy's application to enter the land under the Desert Act. Respondent notified appellant in April, 1926, of his filing application for homestead entry. Judy withdrew his application for the desert entry June 23, 1927, and respondent's homestead entry was then allowed. Respondent notified appellant of the allowance of his homestead entry and requested appellant to vacate the premises and remove whatever property he had thereon. Respondent established his residence on the land July 4, 1927, and on July 28th following instituted the present action, to enjoin appellant from trespassing on the land. An injunction *pendente lite* was granted August 8, 1927, enjoining appellant from further entry upon or possession of the land. An appeal from the temporary injunction was not perfected. Thereafter, a trial was had before the court resulting in the issuance of an injunction perpetually enjoining appellant from in any manner entering upon, trespassing upon, occupying or using or interfering with the occupation and use of the land in question. This appeal is prosecuted from the judgment awarding respondent the permanent injunction.

*In limine,* we are met with a motion to dismiss the appeal. Since it is conceded by appellant that the appeal from the injunction *pendente lite* was not perfected it follows that the attempted appeal from such order should be dismissed. We are not disposed to dismiss the appeal from the final judgment upon the ground that appellant's brief was not filed in time. Nor would it appear that the appeal from the judgment awarding a permanent injunction is subject to dismissal because the controversy has become moot. While it is true the controversy involved the right to possession of the premises during 1927, its real object was to determine appellant's right to remove the crops he had planted thereon, no doubt ascertainable in damages upon a determination appellant was entitled to possession for such purpose. In the absence of a showing in the record to the contrary, the presumption is, a proper undertaking was required to be given before issuance of the injunction, under C. S., sec. 6772. A motion to dismiss an appeal on

the ground that the substance of the controversy between the parties has disappeared ,will be overruled if the appeal presents a question the decision of which may result in liability on an injunction bond given in the case. (*Crom v. Frahm,* 33 Ida. 314, 193 Pac. 1013.)

On the merits the controversy involves the right to possession of the premises for the year 1927 and right to the crops planted and grown thereon by appellant. It is insisted that the evidence is insufficient to sustain the judgment in that it shows the property was *in custodia legis* through possession thereof by appellant under his lease from the receiver appointed by the district court, and while so in possession appellant could not be legally dispossessed by respondent. As we view the record, Judy had at no time acquired any title to the property and therefore the mortgage executed and delivered to the trust company to secure Judy's note for the purchase price of the water shares created no lien against the land that would subject the same to foreclosure and sale. This is doubly apparent by Judy's subsequent withdrawal of his application for entry upon the land under the Desert Act. It follows that the court, being without jurisdiction to decree a foreclosure of the mortgage as against the land, had no authority to appoint the receiver, creating no right in appellant by reason of his lease from the receiver under which he could legally enter into possession. The land was at no time subject to the disposition of the court under the foreclosure proceedings, or to possession of the receiver or anyone under him. The court itself took cognizance of this situation upon the matter being called to its attention and accordingly vacated the appointment of the receiver.

It is conceded by appellant that the acceptance of respondent's homestead entry at the land office gave him the paramount right of immediate possession. He questions only the right of absolute ownership of the crops planted . by appellant in 1927, assuming appellant was in possession in good faith under a right recognized by the government.

As to the question of good faith, the court found, based upon substantial evidence to support it:

"That at and prior to the time the defendant (appellant) Stauffer went upon and took possession of said land, he had knowledge and notice of plaintiff's claim to said land and knew of the pendency of plaintiff's homestead application, and that prior to the going upon said land in 1927 by the defendant and prior to the cultivation thereof or the planting of any crops in 1927 by the defendant, the plaintiff told the defendant that he, plaintiff, had filed on said land and when his entry was allowed he would expect to hold what was on the land; that the possession of said land by the defendant and his cultivation thereof in 1927 was with full notice of the claims of plaintiff, and said defendant took possession of said land at his peril and not in good faith, he, the said defendant, not asserting any claim to said land under or by virtue of any settlement or of any of the public land laws of the United States."

The rule announced in *Bingham Co. etc. Assn. v. Rogers*, 7 Ida. 63, 59 Pac. 931, reiterated in *Richardson v. Bohney*, 19 Ida. 369, 114 Pac. 42, relied upon by appellant, is based upon entry in good faith, not present in the instant case as found by the trial court and which finding we are not in a position to disturb.

Judy had but an application to enter the land under the Desert Act. Respondent's homestead application was allowed and he was permitted to enter upon the land upon the voluntary withdrawal by Judy of his application for entry under the Desert Act. Concededly, appellant had no right to possession of the land subsequent to the allowance of respondent's homestead entry. The possession of the land by Judy and his successors in interest was with full notice and knowledge that right to possession might be terminated at any time by rejection of the application for entry under the Desert Act. Appellant had no greater rights than Judy in any view of the case.

The judgment must be affirmed, and it is so ordered. Costs to respondent.

Givens, C. J., and Lee, Varian and McNaughton, JJ., concur.