Ripley v. Mining Co.

[No. 1034.    March 3, 1904.]

RAYMOND R. RIPLEY et al., Plaintiffs and Appellees,
v. COCHITI GOLD MINING COMPANY, Defendant; AMERICAN ENGINEERING WORKS,
Intervenor and Appellant.

## SYLLABUS.

A mechanic's lien will not lie when small articles are bought in the ordinary course of business, to replace parts of machinery which frequently wear out and which have to be replaced, when such parts are attached to the machinery by the company buying them · and especially when the evidence does not show that the parts bought were to be used in a any particular mill, or at any particular mine.

Appeal from the district court of Bernalillo county, before BENJAMIN S. BAKER, Associate Justice. Affirmed.

FELIX H. LESTER and A. J. MITCHELL for appellants.

The Mechanics Lien Law being remedial in its nature, and equitable in its enforcement, is to be liberally construed in favor of claimants.

Ford v. Springer Land Association, 8 N. M. 37; Springer Land Association, 168 N. S. 527.

If the materials furnished became a part of the machinery for which they were used, claimants are entitled to a lien for the same.

Griggs v. Stone, 7 L. R. A. 48; Vorhis v. Freeman, 2 Watts and Sergeants Reports, p. 116; Wademan v. Thorp, 5 Watts 15; Gray v. Holdship, 17 S. & R. 413; Heidgger v. Atlantic Milling Company, 16 Mo. App. 327; Appeal of Dickey et al., 7 Atl. 577; Sosman et al. v. Conlon et al., 57 Mo. App. 25.

Meaning of the word "materials" and what it includes.

Bouvier's Law Dictionary; Central Trust Company of New York v. Sheffield & B. Coal, Iron & Ry. Co. et al., 42 Fed. 110.

Keystone Min. Co. et al. v. Gallaher et al., 5 Col. 23; 9 Morrisons' Mining Reports, 406; see, also, Hazzard Powder Co. v. Byrnes, 12 Abb. Pr. 469; Halley v. Alloway, 10 Lea. 523; 49 Mo. App. 81.

On an open current account, where the last item of the account is within the statutory period within which a claim of lien must be filed, the whole of the account will be brought within the time and preserve the lien of the first items.

Sec. 2919, Comp. Laws 1897; Carson & Brooks v. Hillman, 16 Mo. 256; Skyrme v. Occidental Mining & Milling Co., 8 Nev. 219; Allen & Co. v. Frumet Min. Co., 73 Mo. 688; Ring v. Jamson, 66 Mo. 424; Boylan et al. v. Steamboat Victory, 40 Mo. 244; Sprumen v. Stout, 9 N. W. 277; Albright v. Smith, 51 N. W. 590; Nelson et al. v. The Iowa East R. R. Co., 1 N. W. 434; The Madison County Coal Co. v. Steamboat Colona, 36 Mo. 446; Stine v. Austin, 9 Mo. 329; Davis v. Smith, 4 Me. 337.

The lien attaches to the improvements and the land on which they are made.

Post v. Miles, 7 N. M. 317.

WILLIAM B. CHILDERS for appellees.

The proper construction of a mechanics lien act depends upon the statute relied upon. The statute applicable in this case is Compiled Laws of 1897, section 2217. It was borrowed from the State of California.

Barrows v. Knight, 55 Cal. 158; Lothian v. Woods, 55 Cal. 163.

Carding machines are not fixtures.

Graves v. Pierce, 53 Mo. 423; Allen v. The Frumet Mining and Smelting Co., 73 Mo. 688;

Giant Powder Co. v. San Diego Flume Co., 20
Pac. 419.

Unless the material furnished was actually used, the
statute gives no lien for it.

Calif. Powder Works v. Blue Tent, etc., Mines,
22 Pac. 391.

### STATEMENT OF FACTS.

The Cochiti Gold Mining Company is a corporation
organized under the laws of the State of New Jersey,
and operated the Albemarle mine and mill in the
county of Bernalillo, Territory of New Mexico. For
several years before the buying of the articles in ques-
tion the mine and mill had been worked on an extensive
scale, but previous to the bringing of this suit, it had
been placed in the hands of a receiver, and by leave of
the court, the American Engineering Works intervened
and sought to foreclose a mechanics' lien for the sum of
$1,343.07, for certain articles furnished the Cochiti Gold
Mining Company, consisting of chucks, arm-bolts and
roll-shells (principally roll-shells). On the trial the
American Engineering Company admitted a counter-
claim of $242.35 and judgment was entered in its favor
for the sum of $1,100.75, but the court held that it was
not entitled to a lien on the mine and mill. From this
judgment, because it did not give a lien on the mine and
mill, the intervenor, the American Engineering Works,
appealed.

### OPINION OF THE COURT.

MILLS, C. J.—But one point need be considered in
passing upon this case, and that is whether or not the
chucks, arm-bolts and roll-shells, which were supplied
to the Cochiti Gold Mining Company, by the American
Engineering Works, were such articles and were fur-
nished under such conditions, as would entitle the party

Ripley v. Mining Co.

furnishing them to a mechanics' lien. The roll-shells were the principal articles delivered, as the chucks and arm-bolts were billed at only $51.25, while the roll-shells were valued at $1,291.82.

Chucks, as we understand the term as used in this case, is a contrivance which serves to hold a drill in place.

Arm-bolts are simply bolts made of iron, steel or other metal, and which usually have a thread at one end, on which a nut can be screwed.

Roll-shells for mills like that of the Cochiti Gold Mining Company, are made of specially prepared steel, and are slipped over two rolls which revolve towards each other, and between which the ore passes and is crushed. Roll-shells frequently wear out and have to be replaced.

Whether or not in any particular case a mechanics' lien will lie, depends largely upon the statute of the State or Territory, where the lien is sought to be enforced. In this Territory the statute in regard to mechanics' liens is found in section 2217, Compiled Laws of 1897, which reads as follows, to-wit:

"Every person performing labor upon, or furnishing materials to be used in the construction, alteration or repair of any mining claim, building, wharf, bridge, ditch, flume, tunnel, fence, machinery, railroad, wagon road or aqueduct to create hydraulic power, or any other structure, or who performs labor in any mining claim, has a lien upon the same for the work or labor done or materials furnished by each respectively, whether done or furnished at the instance of the owner or the building or other improvement, or his agent, and every contractor, subcontractor, architect, builder, or other person, having charge of any mining or of the construction, alteration or repair, either in whole or in part, of any building or other improvement, as aforesaid, shall be

held to be the agent of the owner for the purposes of this act."

This statute seems to contemplate that the materials furnished must be supplied for the purpose of making repairs to particular buildings, machinery or other classes of property mentioned in the act.

In the case at bar the record shows that the mill of the Cochiti Gold Minilng Company, had been running for several years before the articles on which the suit was brought were purchased; that they were ordered at various times from the intervenor company in Chicago, and were shipped by it to New Mexico; and that during the same period of time, other roll-shells were ordered from the Midvale Steel Company and the Chrone Steel Works, and that a number of such roll-shells were constantly kept on hand, so that they might be placed on the rolls when needed. The record does not show that the American Engineering Works had any contract to supply the Cochiti Gold Mining Company with all of the roll-shells which it might need, but on the contrary it shows that such shells were purchased by the defendant company from the intervenor and other concerns, indiscriminately, as they were required.

We can not think that the purchase of these roll-shells, arm-bolts and chucks by the defendant company in Chicago, and the shipping of them to New Mexico, where the Cochiti Gold Mining Company might or might not attach them to its machinery, is such a furnishing of materials to be used in the repair of machinery as is contemplated by our statute allowing mechanics' liens to be filed.

If the American Engineering Works had had a contract by which they were obligated to keep the mill of the Cochiti Gold Mining Company in repair and furnish all of the materials necessary for that purpose, then we think that a lien would lie. In this case the evidence does not show that the articles bought were to be used

in any particular mill, or at any particular mine. The contract between the appellant and the mining company was simply that of an ordinary purchaser of supplies, such as large manufacturing concerns make daily and in the ordinary course of business.

If the packing in an engine has to be renewed, and it is so renewed by the company owning and operating it, it would be going a long way in our opinion to hold that a mechanics' lien would lie in favor of the vendor of the waste with which the packing is made, and yet the furnishing of this waste is as much "furnishing materials" to be used in the repairing of machinery, as the furnishing of the roll-shells and other articles were in this case.

We think that to authorize a mechanics' lien for the repairs of machinery, that such repairs must be in the nature of fixtures (Gaines v. Pierce, 53 Mo. 423), and not small parts of a machine which are constantly wearing out and have to be replaced.

The Supreme Court of Georgia holds that where a machinist merely manufactures or sells materials for repairing machinery, or repairs detached parts thereof, but has nothing to do with uniting the materials to the machinery, he obtains no lien. London v. Coleman, 59 Ga. 653.

There is no error in the judgment complained of and the same is therefore affirmed; and it is so ordered.

Parker, and McFie, JJ., concur.

Baker, A. J., having tried the case below, did not take part in this decision.