32 P.(2d) 819

### PORTER LUMBER CO. v. WADE et al.

### No. 3882.

Supreme Court of New Mexico.

May 8, 1934.

R. R. Posey, of Las Cruces, for appellant.

Edward C. Wade, Jr., of El Paso, Tex., for appellees.

ZINN, Justice.

This is an appeal from a judgment denying plaintiff a materialman's lien claimed under the provisions of 1929 Comp. St., § 82-202. The parties will herein be designated as in the trial court.

The facts, in brief, are these: The defendants, as owners in fee of certain property in the town of Las Cruces, N. M., by a written lease rented the property to Bobbitt & Bissing who were to use the premises in connection with the operation of a bowling alley. Before the materials, which were used in the construction of two bowling alleys, were furnished by plaintiff to the lessees, plaintiff was aware of the terms of the lease and the purpose for which the property was to be used, and that the materials were to be used in the construction of the bowling alleys.

A provision in the lease provided that at the end of the term the lessees were to "* * * repair any damage to the floors or walls of the buildings that the fixtures of the second parties may occasion and to return the building in as good condition as received by them. * * *" Another clause in the lease provided that the defendants, as lessors, were to keep the roof in good repair to prevent damage resulting from leakage to "* * * the improvements in the said building of the second parties." Evidence was offered in addition to the lease

from which the court found that it was clearly intended by all the parties that the "bowling alleys" were not to become permanently incorporated in the building as a part thereof or a permanent part of the realty, but were to retain their character as personalty and as the property of the lessees.

The materials were furnished at the request of Bobbitt & Bissing. After they neglected to pay for the materials, the plaintiff decided to look to the defendants. There was nothing distinctive or peculiar about the construction of the bowling alleys. The defendants make no claim to the materials. The bowling alleys can be removed, though it would cause some damage to the floor, which was contemplated when the lease was executed.

The case was tried to the court without the assistance of a jury, which resulted in a decision in favor of the defendants and against the plaintiff. The court made and caused to be entered findings of fact, which are supported by substantial evidence, and conclusions of law, and upon such findings and conclusions rendered the judgment from which the plaintiff appeals.

The decisive and basic question in this case is whether or not the bowling alleys, when installed upon the premises of the defendants, became so attached to the building or realty as to become a part thereof and lose their identity as personal property, thus permitting the plaintiff's lien for the material to attach to the building or realty.

Although section 82-202 does not specifically mention "fixtures," it does use the expression "or other improvement." It is on the theory that the bowling alleys are "improvements" upon which the plaintiff necessarily rests its case. It is held, in many cases cited from other jurisdictions, that a mechanic's lien may be acquired for labor performed or material furnished in connection with the furnishing and installation of fixtures; that is, articles which were at one time personal property, but which are so attached to the realty as to become a part thereof. 40 C. J. 70. It is not now considered as absolutely necessary that an article be actually fastened to the freehold in order to make it a part thereof. The all important questions are the intention of the person who brings it upon the land, the use to which it is to be applied, and its fitness for that purpose. Dawson v. Scruggs-Vandervoort, Barney Realty Co., 84 Colo. 152, 268 P. 584.

The mere fact that the bowling alleys were necessary to enable the lessees to carry on their business, is not sufficient to subject the defendants' property to the lien. The material and labor furnished related solely to the lessees' business. There is nothing in the evidence to show that it was the intention of the lessees or the defendants that the bowling alleys should be or become a part of the realty. It is true, the substructure material was secured to the floor of the building by nails, but not so secured that the bowling alleys could not be removed without material injury to the floor.

In the cases of Post v. Miles, 7 N. M. 328, 34 P. 586, and Ripley v. Cochiti Gold

Mining Co., 12 N. M. 188, 76 P. 285, we recognized the general rule that the test for determining whether a given piece of machinery is subject to a lien under section 82-202 is the intention that it shall be permanently affixed to the realty so as to become a fixture. And in Jones-Noland Drilling Co. v. Bixby, 34 N. M. 413, 282 P. 382, 383, we held where the parties, by the express terms of the lease, agreed that the machinery and improvements should not become fixtures, the effect was to retain to such machinery and improvements their character as personalty. In the latter case, we said:

"In determining whether personal property loses or retains its identity as a chattel by being placed on land, it is generally said that the intention of the parties is a controlling factor. 26 C. J. Fixtures, § 5. An agreement by the owner of the land in favor of the owner of the article at the time of annexation to the effect that the article may be removed as personalty operates to preserve the personal character of the article annexed. 26 C. J. Fixtures, § 39. Fixtures which are removable by the tenant under a lease have been decided to be subject to levy and sale as chattels on execution against the tenant. 26 C. J. Fixtures, § 123; 17 R. C. L. p. 119; note L. R. A. 1915E, 829, 830."

We reiterated this view where a derrick, drilling machinery, and tools were sought to be subjected to a mechanic's lien under our statute, in the case of Albuquerque Foundry & Machine Works v. Stone, 34 N. M. 540, 286 P. 157.

We find the rule stated in Ruling Case Law, as follows:

" * * * The intention of the party making the annexation, has been said by some of the authorities to be a controlling consideration, and *generally it is held to be the chief test*. (Italics ours.) It is not always determinative, but in cases of doubt it has a controlling influence. To have this effect, the intention to make an article a permanent accession to the realty must affirmatively and plainly appear, and if the matter is left in doubt and uncertainty the legal qualities of the article are not changed, and it must be deemed a chattel." 11 R. C. L. 1062, § 6.

Applying this test to the facts in the instant case, we find that the materials furnished had no relation to the permanent improvement of the property of the defendants, or the enhancement of its value. The bowling alleys constructed out of the materials sold by the plaintiff to the lessees were merely trade fixtures, which did not constitute an integral part of the realty and to be used for a specific trade purpose only.

Generally mechanic's lien statutes do not allow a lien against the realty for material or labor entering into the construction of trade fixtures or chattels, fixtures or improvements which a tenant will be permitted to remove at the expiration of his term, 40 C. J. 71. From the evidence and the terms of the lease, Bobbitt & Bissing retained ownership of the bowling alleys, of which fact the plaintiff was aware before he

furnished them with any part of the material.

Entertaining this view, we are of the opinion that the trial court did not err in finding and in concluding from its findings that as a matter of law the material and labor furnished by plaintiff did not constitute a part of the defendants' realty and subject the same to a lien for the material sold to the lessees.

The judgment is affirmed.

It is so ordered.

WATSON, C. J., and SADLER, HUDSPETH, and BICKLEY, JJ., concur.