447 P.2d 23

**Joe H. BOONE, d/b/a Boone Electric Company, Plaintiff-Appellee,**

v.

**Willis A. SMITH, Jr., and Jane B. Smith, His wife, Defendants-Appellants,**

**Albuquerque Federal Savings & Loan Association, Alice R. Kirk, New Mexico Boiler & Welding Works, Inc., Defendants-Appellees.**

**No. 8593.**

Supreme Court of New Mexico.

Nov. 4, 1968.

Botts, Botts & Mauney, Albuquerque, for appellants.

Fred Nohl, Albuquerque, for appellee, Joe H. Boone.

Edward L. Yudin, Albuquerque, for appellee, New Mexico Boiler & Welding Works, Inc.

## OPINION

COMPTON, Justice.

This action was brought by Boone Electric Company to foreclose its mechanics'

lien on a building owned by the defendants, Willis A. Smith and Jane B. Smith, husband and wife. The Smiths counterclaimed for damages done to the building by plaintiff. New Mexico Boiler & Welding Works, Inc., hereinafter called New Mexico Boiler, named as a defendant in the action, also filed a crossclaim to foreclose its mechanics' lien against the same building. After a trial without a jury, judgment was entered foreclosing the mechanics' liens of the plaintiff and the crossclaimant, and dismissing the counterclaim of the defendants Smith. The defendants Smith appeal.

In December 1965, Willis A. Smith erected the building at 3615 High Street, N.E., Albuquerque, for the specific purpose of leasing it to Charles E. Montanaro to be used in the manufacture of plastic cups, but he did not install the wiring, boiler and piping required in connection therewith. He left this installation to Montanaro. Montanaro then arranged with Boone Electric to install the proper wiring and circuits for the required machinery. Montanaro also arranged to have New Mexico Boiler install a boiler necessary for his manufacturing process and to install the necessary pipes to connect the boiler with water and gas lines. Apparently the work of both Boone Electric and New Mexico Boiler began sometime in December 1965 and was completed before the end of January 1966. During this time Mr. Smith visited the building on several occasions and witnessed appellees' workmen in the process of installation. On January 1, 1966, the lease from Smith to Montanaro was executed. Neither Boone Electric nor New Mexico Boiler was paid for their materials and labor and, in due time, they filed their respective claims of lien.

Appellants contend that the materials and labor supplied did not improve the building; that the articles installed became mere trade fixtures and, hence, did not improve or become a part of the building.

On the other hand, the appellees rely on § 61-2-10, N.M.S.A. 1953, which states:

"Every building or other improvement mentioned in the second section of this article [61-2-2], constructed upon any lands with the knowledge of the owner or the person having or claiming any interest therein, shall be held to have been constructed at the instance of such owner or person having or claiming any interest therein, and the interest owned or claimed shall be subject to any lien filed in accordance with the provisions of this article, unless such owner or person having or claiming an interest therein shall, within three [3] days after he shall have obtained knowledge of the construction, alteration or repair, * * give notice that he will not be responsible for the same, by posting a notice in writing * * * ."

While § 61-2-2, N.M.S.A. 1953, uses the word "improvements" rather than the word "fixtures," it is recognized that the test for determining whether a given article is subject to a lien under the section is whether it is a fixture or a permanent part of the building. Porter Lumber Co. v. Wade, 38 N.M. 333, 32 P.2d 819. See, also, Ripley v. Mining Co., 12 N.M. 186, 76 P. 285; Post v. Miles, 7 N.M. 317, 34 P. 586. This court has long recognized three guidelines in determining whether an article used in connection with realty is to be considered a fixture. These guidelines are (1) annexation, (2) adaptation and (3) intention. Garrison General Tire Service, Inc. v. Montgomery, 75 N.M. 321, 404 P.2d 143; Patterson v. Chaney, 24 N.M. 156, 173 P. 859, 6 A.L.R. 90; Post v. Miles, supra.

The trial court viewed the premises and while the court did not make specific findings concerning the matter of physical annexation of the articles to the building, it did refer to them as "improvements," and the parties agree that the articles are securely attached to the building and the evidence shows they are now being used for the purpose for which they were installed. These factors lead us to conclude that the articles annexed to the building

with the owner's knowledge became a part of the building itself.

We think the evidence points unerringly to the fact that the articles installed were adapted to the use of the building. The building was constructed by Smith with knowledge that the articles installed were requisite for its use. As previously noted, at the time of trial, the building was still being used for such purpose.

Generally, the question of intent is the chief test and must affirmatively and plainly appear. Where by express terms of a lease it is provided that improvements shall not become fixtures, and where the nature of the article is such that it is not to be permanently attached to the land, it probably remains personalty and not subject to a mechanics' lien. Porter Lumber Co. v. Wade, supra; Albuquerque Foundry & Machine Works v. Stone, 34 N.M. 540, 286 P. 157. Smith knew that electric wiring and heating had to be installed before Montanaro could use the building and, admittedly, Smith left the details of the installation to Montanaro. Notwithstanding the fact the installation was made in a manner suited to Montanaro's planned use, the building needed the installation to be complete and usable for the manufacturing purpose for which it was built. In addition, the lease provided that improvements made by the tenant with consent of the lessor should "merge with and become part of the realty." These facts strongly suggest the conclusion that the addition and improvements were intended to be permanent and a part of the building.

The appellants contend that there is no evidence to support the finding that they had actual knowledge of the labor and materials supplied by the appellees. We have examined the record and find the contention without merit. Mr. Smith testified to having been in the building several times while the appellees were at work and having seen the installation in progress.

The appellants also complain that Boone Electric and New Mexico Boiler were barred from bringing an action because they were not licensed by the New Mexico Contractors' License Board. In this regard, both appellees alleged and offered into evidence proof that they were duly licensed as required by §§ 67–16–1 to 67–16–19, N.M.S.A. 1953, since repealed. Although the trial court should have made a finding concerning the jurisdictional question of licensing, such a determination was implicit in the entry of judgment in plaintiff's favor. The documentary proof alone is sufficient support for a conclusion that the plaintiff was properly licensed. Where the facts and documentary proof support the judgment it will be affirmed by us without remand. Lamonica v. Bosenberg, 73 N.M. 452, 389 P.2d 216; Boswell v. Rio De Oro Uranium Mines, Inc., 68 N.M. 457, 362 P.2d 991.

The contention is also made that the lien of crossclaimant, New Mexico Boiler, was a nullity because the land identified in the claim of lien was not that upon which improvements were made as required by § 61–2–6, N.M.S.A. 1953. We take notice that, on the claim of lien form, New Mexico Boiler listed the claim as being against "Lot 4, of Newton and Smith Subdivision * * *" when, in fact, the main part of the building was on Lot 5, with only the loading dock of the building encroaching on Lot 4. However, there was a statement by New Mexico Boiler of charges for the work done attached to the claim of lien, and this statement correctly described the address of the building as 3615 High Street, N.E., Albuquerque. Further, in the Smiths' answer, they admit that the building is located on Lots 4 and 5, 3615 High Street, N.E., Albuquerque. We think there was compliance with the statute. See Ford v. Springer Land Ass'n, 8 N.M. 37, 41 P. 541, aff'd, 168 U.S. 513, 18 S.Ct. 170, 42 L.Ed. 562; L. R. Kollock & Co. v. Leyde, 77 Ore. 569, 143 P. 621, 151 Pac. 733; Annot., 52 A.L.R.2d 12. Ackerson v. Albuquerque Lumber Co., 38 N.M. 191, 29 P.2d 714, is not to the contrary.

The judgment should be affirmed.

It is so ordered.

CHAVEZ, C. J., and MOISE, J., concur.