631 P.2d 726

Gary E. CARGILL and Helen Cargill, his wife, Plaintiffs-Appellants,

v.

James Howard SHERROD and Delores Jean Sherrod, his wife, Roy Neal and Realty Executives, Inc., Defendants-Appellees.

No. 13172.

Supreme Court of New Mexico.

July 30, 1981.

Wycliffe V. Butler, Anthony C. Porter, Albuquerque, for plaintiffs-appellants.

Louis S. Marjon, Albuquerque, for the Sherrods.

Threet & King, Martin E. Threet, Albuquerque, for Neal and Realty.

## OPINION

EASLEY, Chief Justice.

The Cargills brought an action against the Sherrods seeking damages for fraudulent misrepresentation in the sale of real property and breach of contract. The Sherrods counterclaimed for rescission based upon mutual mistake. The trial court granted summary judgment dismissing the Cargills' claim and granting the Sherrods' counterclaim for rescission. The Cargills appealed. We affirm the dismissal of the complaint, but reverse summary judgment on the counterclaim.

The issues are: (1) whether an advertisement placed in a multiple listing by the Sherrods and allegedly relied on by the Cargills was a false representation; and (2) whether there was a mutual mistake which justified rescission of the contract.

The Cargills contracted with the Sherrods to purchase land which the Sherrods had advertised as follows:

A–2 zoning can be changed to SU. Choice commercial acreage....

Cargill stated he saw the listing when he visited the office of the Sherrods' realtor. He alleged that he was induced to purchase the Sherrods' property in reliance upon the representation in the ad which he interpreted to mean that the property could be used for commercial purposes. Cargill claimed the representation was false, that the Sherrods knew it could not be used for commercial purposes and that the zoning authorities would not consider or entertain a petition for a change to commercial purposes in the future.

The A–2 zone designated in the ad is shown by the evidence to be agricultural and partially residential and permits range farming and dairy activities. It is used as a holding position and, until a special use (S.U.) permit is granted or a zone change approved, it remains A–2. Anyone can file an application for an S.U. permit. Some commercial uses are conditionally allowed under A–2 zoning, subject to approval at a public hearing, such as commercial stables, polo grounds, a real estate office, an animal clinic and a motorcycle shop. Other commercial uses are available if an S.U. permit is approved.

The record shows that Cargill never had any special use for the property in mind, and never applied for an S.U. permit, nor asked about the procedure for obtaining an S.U. permit. He did not know whether a zone change could be effected. Thus, his claim of misrepresentation is founded on the premise that the multiple listing ad is in fact a representation that the land could be used for commercial purposes without going through the process for changing zones or obtaining a special use permit.

The burden was on the Sherrods, as the moving party, to show an absence of a genuine issue of fact and that they were entitled to judgment as a matter of law. This burden is met by a prima facie showing, i. e., such evidence as is sufficient in law to raise a presumption of fact or establish the fact in question. Once a prima facie showing has been made, the moving party is entitled to summary judgment unless the party resisting the motion demonstrates at least a reasonable doubt as to whether a genuine issue exists. *Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676 (1972); N.M.R.Civ.P. 56, N.M.S.A.1978 (Repl.Pamp. 1980).

Actionable fraud consists of misrepresentation of a fact, known to be untrue by the maker, and made with an intent to deceive and to induce the other party to act

in reliance thereon to his detriment. *Unser v. Unser*, 86 N.M. 648, 526 P.2d 790 (1974).

 In support of the motion for summary judgment, the Sherrods submitted evidence supporting the truth of the statements contained in the ad. The Cargills did not submit any evidence sufficient to raise a genuine issue of fact concerning the truth or falsity of the statements. The evidence indicated that the property is, indeed, zoned A–2. This representation put the Cargills on notice that the property could not be used for most commercial purposes absent a change of zoning or approval of an S.U. permit. There is also no evidence in the record that the statement, "can be changed to S.U." was false. The evidence showed that the zoning authorities would consider a petition for an S.U. permit for commercial usage and that the likelihood of approval was increasing due to the growth of commercial usage in the surrounding area.

Finally, the evidence supports the statement that the property is, by reason of its location, choice commercial acreage. The ad therefore truthfully represented that most commercial usages were not permitted under present zoning, but that the property was ripe for commercial development. In his deposition Cargill complained that the ad might have been phrased better, but acknowledged that it was not a lie.

Under the evidence, the Sherrods have shown that there was no genuine issue of fact and that they were entitled to judgment as a matter of law. We affirm the trial court's granting of summary judgment in favor of Sherrod, dismissing the fraud and breach of contract actions alleged in the complaint, both of which causes of action were based upon the alleged misrepresentations in the ad.

 The counterclaim for rescission alleged mutual mistake. For a mistake to be mutual and common to both parties, it must appear that both parties have done what neither intended. *See Sierra Blanca Sales Co., Inc. v. Newco Industries, Inc.*, 84 N.M. 524, 505 P.2d 867 (Ct.App.1972), *cert. denied*, 84 N.M. 512, 505 P.2d 855 (1972).

There was no evidence in this case that both parties were acting under a mutual mistake. Although the facts might indicate a unilateral mistake on the part of the Cargills, that evidence would not justify granting a rescission requested by the non-mistaken party. *See Jones v. Friedman*, 57 N.M. 361, 258 P.2d 1131 (1953). The trial court therefore erred in granting summary judgment of rescission on the counterclaim.

The dismissal of the complaint is affirmed; summary judgment on the counterclaim is reversed and the cause remanded.

IT IS SO ORDERED.

SOSA, Senior Justice, and FEDERICI, J., concur.