680 P.2d 622

**Edward H. KERMAN, as Trustee, Petitioner-Appellee,**

v.

**Ralph King SWAFFORD, Respondent-Appellant.**

No. 7245.

Court of Appeals of New Mexico.

March 27, 1984.

Certiorari Denied April 25, 1984.

Edward H. Kerman, Rockville, Md., petitioner-appellee, pro se.

Steven L. Tucker, Santa Fe, for petitioner-appellee.

Ben A. Longwill, Las Cruces, for respondent-appellant.

**OPINION**

MINZNER, Judge.

Kerman brought suit against Swafford in order to recover possession of and quiet title to a 180-acre ranch. Kerman moved for a default judgment, and one day later Swafford filed an Answer. The Answer partially confessed judgment and raised counterclaims. The court granted judgment by default but denied a motion to strike the counterclaims. Kerman then moved for summary judgment on the counterclaims. The trial court granted summary judgment with respect to the counterclaim that asserted ownership of three portable buildings located on the ranch. The other claims were settled by stipulated judgment.

Swafford appeals the trial court's grant of summary judgment. He claims that Kerman failed to meet his obligation under NMSA 1978, Civ.P.Rule 56 (Repl.Pamp. 1980), to establish that there were no genuine issues of material fact and that he was entitled to judgment as a matter of law.

Swafford also claims on appeal that the trial court abused its discretion in granting a protective order limiting Swafford to deposing Kerman in Rockville, Maryland, Kerman's place of residence.

We affirm the trial court.

*Summary Judgment on the Buildings.*

 The trial court properly granted summary judgment to Kerman. As the movant, Kerman was obligated to make a *prima facie* showing of entitlement to judgment recognizing his ownership of the buildings. He need not demonstrate beyond all possibility that no genuine factual issue existed. *McFarland v. Helquist*, 92 N.M. 557, 591 P.2d 688 (Ct.App.1979). A *prima facie* showing contemplates such evidence as is sufficient in law to raise a presumption of fact or establish the fact in question unless rebutted. *Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676 (1972). Once a *prima facie* showing has been made, the moving party is entitled to judgment unless the party resisting the motion demonstrates at least a reasonable doubt as to whether a genuine issue exists. *Cargill v. Sherrod*, 96 N.M. 431, 631 P.2d 726 (1981).

Swafford purchased the buildings in 1971 while he was in possession of the ranch and in business as a rancher and horse breeder. The record does not indicate the precise nature of Swafford's interest in the ranch in 1971 or what, if any, relationship existed between Kerman and Swafford at that time. The record does reflect that a deed from a third party to Swafford was recorded in 1974.

The buildings are metal and were prefabricated at the factory. They were assembled at the ranch by Swafford's agent and installed by attaching them to concrete slabs with bolts. The buildings include (1) a horse barn, with a dirt floor middle, measuring 60′ × 170′ × 14′; (2) an office, trophy room, and tack room measuring 60′ × 36′ × 12′; and (3) a hay shed measuring 50′ × 96′ × 14′ which is open-air with no siding. They have not been moved since assembly and installation.

The record reflects a history of litigation between the parties. A federal court action that resulted in a 1973 judgment for Kerman was settled when Swafford delivered two promissory notes and a deed of trust on the ranch property to Kerman. Swafford defaulted on the promissory notes, and Kerman instituted litigation to foreclose in Dona Ana County District Court.

Judgment was entered for Kerman on September 12, 1978, in the amount of $280,-735.87. The judgment "forever barred" Swafford from claiming any interest in the property aside from his statutory right of redemption, which Swafford never exercised. The judgment does not mention the buildings or indicate whether they passed with title to the ranch.

Kerman purchased the ranch at the foreclosure sale. He allowed Swafford to remain on the ranch rent-free until a tenant or buyer was found. Kerman was assessed property taxes on the buildings following his purchase of the ranch. Swafford filed a claim of lien on the ranch property in 1982 upon learning that Kerman had found a buyer for the ranch, alleging that he had an implied contract for services rendered to protect the land and buildings from 1978–82. Kerman then sued to recover possession and to quiet title.

 These facts are sufficient to justify a finding that the three buildings are part of the real estate Kerman purchased at the foreclosure sale. Intent, adaptation, and annexation are the three relevant factors which determine whether an article is a fixture to be treated as part of the realty. *Southwestern Public Service Co. v. Chaves County*, 85 N.M. 313, 512 P.2d 73 (1973). Adaptation and annexation are principally relevant as indicators of intent, which our courts have recognized as the controlling consideration and the chief fixture test. *Boone v. Smith*, 79 N.M. 614, 447 P.2d 23 (1968). Although the question of intent is typically a fact question for the jury, *Maxey v. Quintana*, 84 N.M. 38, 499 P.2d 356 (Ct.App.), *cert. denied*, 84 N.M.

37, 499 P.2d 355 (1972), intent regarding fixture determination is a different question. Intent must affirmatively and plainly appear. *Boone v. Smith*. Where a court finds sufficient objectively manifested intent, however, a fixture may be presumed or inferred from the circumstances. *Patterson v. Chaney*, 24 N.M. 156, 173 P. 859 (1918). *See also Taylor v. Shaw*, 48 N.M. 395, 151 P.2d 743 (1944).

In *Patterson v. Chaney*, the Supreme Court found that a dwelling house, windmill, garage, chicken house, and fencing erected by a predecessor in interest in compliance with homestead requirements were fixtures:

> The nature of the property, the manner of its construction, and its intended use all go to show that it was the intention of the party who made the improvements that they should be permanent additions to the land. There is no evidence tending to show a contrary intent. *Under such circumstances the articles, so attached, are presumed to have become a part of the realty * * *.*

24 N.M. at 160, 173 P. at 860 (emphasis added). The house was set on a stone foundation, while the windmill and garage were bolted to foundations set in the earth. Having found objectively manifested intent, the court sustained a directed verdict on the ground that fixtures properly had been presumed.

Similarly, here, the nature of the property, the manner of its construction, and its intended use all go to show that Swafford intended to make permanent additions to the land. The *Southwestern* court reaffirmed the unique nature of buildings when it indicated that a substantial building is real estate absent some controlling contractual relationship. 85 N.M. at 317, 512 P.2d at 77. *See also Taylor v. Shaw*. The buildings here are substantial. They were attached with bolts to concrete slabs, and they are necessary and useful to the operation of the ranch. Therefore, in 1971, when Swafford installed the buildings, they were presumptively part of the real estate.

■ The buildings were presumptively part of the real estate for an additional reason not present in *Patterson*. Objects which are attached to the realty at the time a mortgage is granted and which are, from all outward manifestations, intended for permanent use and enjoyment in connection with the realty, pass under a mortgage. *Metropolitan Life Insurance Co. v. Jensen*, 69 S.D. 225, 9 N.W.2d 140 (1943). Swafford gave Kerman an interest in the nature of a mortgage on the land. At that time the buildings were attached and appeared to be intended for permanent use and enjoyment. These facts justify a presumption that the lien on the land included a lien on the buildings. The judgment in the previous foreclosure action failed to except the buildings from transfer under the sale and barred Swafford from asserting any claim to the realty.

Because Kerman made a *prima facie* showing of entitlement to the buildings as fixtures, Swafford was required to set forth specific facts demonstrating a genuine issue of material fact for trial. NMSA 1978, Civ.P.R. 56(e). This he failed to do. The question here is not whether material issues of fact exist, for the relevant facts are undisputed. The question is whether the legal effect of those facts establish that the buildings are fixtures.

■ Swafford argues that Kerman failed to address every subfactor mentioned in *Southwestern*. This contention misconstrues the nature of the intent test. Where, as here, the circumstances indicate a clear intent to affix articles to the realty, the party asserting that an article is a fixture need not address every subfactor of annexation and adaptation. *Patterson v. Chaney*. These factors chiefly indicate intent.

■ Swafford relies on the portable nature of the buildings to argue that Kerman failed to establish either annexation or intent. Property is annexed when it is actually or constructively affixed to the realty. A building need not be "permanently" or physically anchored to the land to be characterized as a fixture. *South-*

western Public Service Co. v. Chaves County; Porter Lumber Co. v. Wade, 38 N.M. 333, 32 P.2d 819 (1934). Although there was evidence that the buildings can be disassembled without damage to the realty, that fact does not indicate a lack of annexation. Southwestern Public Service Co. v. Chaves County.

Swafford also argues that the fact that he intended to install portable buildings creates a genuine issue of material fact as to intent to install fixtures. We disagree. First, we note there is no dispute between the parties as to the portability of the buildings. We need only consider the legal effect of an intent to install portable buildings. A portable building can assume the status of a fixture given the nature of the property, manner of construction, and intended use. Such is the case here.

■■■ Even if we grant Swafford the inference that by intending to install portable buildings he intended not to install fixtures, Swafford's testimony is insufficient. Intent that an improvement remain personalty must be gathered from the circumstances of the transaction rather than the testimony of the actual state of mind of the annexor at the time of attachment. See Nelse Mortensen & Co. v. Treadwell, 217 F.2d 325 (9th Cir.1954). The annexor's secret intent should not prevail over the interest of a party like Kerman who has reasonably relied upon objective manifestations indicating permanent attachment. Id. Swafford's intent is insufficient in light of his failure to show that Kerman knew or should have known that the buildings were intended to be personalty. Holland Furnace Co. v. Trumbull Savings & Loan Co., 135 Ohio St. 48, 19 N.E.2d 273 (1939).

Swafford had an obligation to indicate a genuine issue of material fact which would preclude summary judgment. This he failed to do. While he raised the issue of a prior judicial determination that a fourth building on the property had been adjudicated by stipulated judgment to be personalty, he offered no evidence to indicate the factual basis of that determination or its relevance to the case at bar.

In light of the undisputed facts of this case and the relevant presumptions which indicate that the buildings are fixtures, the trial court properly granted Kerman's motion for summary judgment.

Abuse of Discretion—Protective Order.

Swafford finally complains that the trial court abused its discretion in granting the protective order limiting the deposition of Kerman. The court ordered that Kerman could only be deposed in Rockville, Maryland, his place of residence.

■■ A trial court decision limiting discovery will only be reviewed for an abuse of discretion. Roberts v. Piper Aircraft Corp., 100 N.M. 363, 670 P.2d 974 (Ct.App. 1983). The Motion for Protective Order cites harassment and undue burden as grounds for the request. The transcript of the hearing on the motion is not included in the record on appeal. The Protective Order merely states that good cause has been shown for the entry of the order.

In Salitan v. Carrillo, 69 N.M. 476, 368 P.2d 149 (1961), the supreme court reversed a trial court's grant of a protective order that limited the place of taking of plaintiff's deposition to New York. The supreme court stated the general rule that a non-resident plaintiff should make himself available and must submit to oral examination in the forum in which he brought the action, absent a showing of special circumstances or undue hardship. 69 N.M. at 481, 368 P.2d at 153.

■■■ Swafford has the burden of demonstrating the manner in which the trial court abused its discretion. Carlile v. Continental Oil Co., 81 N.M. 484, 468 P.2d 885 (Ct.App.1970). As the appellant, he has the duty to provide this court with a record sufficient for review. NMSA 1978, Civ.App.R. 7, 8 (Cum.Supp.1983). He has failed in this duty by failing to provide the court with a transcript of the hearing on the Motion for Protective Order. Absent such transcript, this court has no way of determining the basis for the trial court's Protective Order limiting discovery. We must indulge every presumption in favor of

the Order. *State ex rel. Alfred v. Anderson*, 87 N.M. 106, 529 P.2d 1227 (1974). The Motion lists grounds for which the court might grant a protective order. The Order states good cause was shown. We cannot say that the trial court abused its discretion in granting the Motion.

The trial court judgment is affirmed. IT IS SO ORDERED.

NEAL and ALARID, JJ., concur.